# Abel  v.  The State.

### *Indictment against  Wholesale Liquor Dealer.*

1.  *Hearsay, or reputation.*—The fact that a particular person was boarding at the defendant's house, can not be proved by "reputation in the community," being capable of direct proof by witnesses speaking of their own knowledge.

2.  *Engaging in, or carrying on business, without revenue license.*—If a person makes all necessary preparations to carry on the business of a wholesale liquor-dealer, holds himself out and solicits trade as such, and makes one sale without a license, intending to continue the business, he is engaged in, or carrying on the business, within the meaning of the law which requires a license.

3.  *Criminal liability of clerk or agent.*—A clerk or agent, whose principal is unlawfully carrying on the business of a wholesale liquor-dealer without a license, may be convicted on proof of an act of sale by him, although he had no pecuniary interest in the business other than as clerk or agent.

From the Circuit Court of Marshall.

Tried before the Hon. John B. Tally.

The indictment in this case charged that the defendant, W. G. Abel, " did engage in, or carry on the business of a wholesale dealer in spirituous, vinous, or malt liquors, without a license, and contrary to law."   On the trial, as the bill of exceptions shows, the State introduced one Siegler as a witness, who testified, in substance, that during the time covered by the indictment he got a bottle of whiskey from the defendant, or at his house, on two occasions: the first time for one Williams, at his request, when the defendant delivered the liquor to him, but he paid no money for it; and the next time for himself, when he placed his bottle, with eighty cents, on a table in the defendant's house, told him he wanted the bottle filled, and found it filled when he came back into the room.

[Abel v. The State.]

One Rolling, another witness for the State, testified that he had procured whiskey from the defendant, or through his instrumentality, on two occasions; that he met the defendant in the road one day, and, after drinking out of a bottle which the defendant produced, asked where he could get some whiskey; that the defendant replied, " he would see the old man, and find out if he could get some, but, if he could get any at all, it would be at the old house on his place;" that he went to the old house on the next morning, found a quart cup full on the table, from which he filled his bottle, and left 75 cents in the cup; that he afterwards went to the defendant's house during a rain, and found him sitting on the front porch, laid down his saddle-bags, putting $1.50 or $2.00 in them, and went into the house for a short time; that he picked up his saddle-bags when he came out again, and rode away, and, " after riding some distance," looked into them, and found two quart bottles of whiskey. There was some other evidence to the same effect, but the bill of exceptions adds : " There was no other testimony tending to show that the defendant owned the liquor alleged to have been sold, or that he had any interest in the proceeds of the sale thereof, or had any pecuniary interest in the business alleged to have been carried on."

The defendant requested the following charges in writing, and duly excepted to their refusal : (1.) " It could not have been a sale by defendant, unless he owned the liquor or some interest therein, or had some interest in the sale apart from merely giving information as to how and where the liquor could be had." (2.) " To constitute engaging in a business, or carrying on a business, a party must have some pecuniary interest in the thing sold, or must be the owner or part owner of it, or of the money derived from the sale ; and if this is not true, it can not be said to be his business." (3.) " No amount of suspicious circumstances, nor the defendant's failure to offer explanations of suspicious circumstances, is sufficient to warrant the conviction of the defendant in this case." (4.) " The sale of one, or even two quarts of whiskey, at two different times, is not sufficient to authorize the jury to convict the defendant in this case of engaging in, or carrying on the business of selling liquor." (5.) " The defendant can not be said to be engaged in a business, unless it is shown that he had some pecuniary interest in the thing sold. He must either have some interest in the thing sold, or the price for which it was sold."

BROWN, HOLLIDAY & STREET, for appellant.

[Abel v. The State.]

W. L. MARTIN, Attorney-General, for the State.

COLEMAN, J.—The indictment charges the defendant with a violation of the Revenue Law, as a wholesale liquor-dealer. During the trial, on cross-examination, the defendant asked a witness, "If it was not the reputation in the community that one Clark was at the time boarding at the defendant's?" Upon objection, the court refused to permit the witness to answer. The rule is, that hearsay evidence (and such is the evidence of reputation) is inadmissible, to establish any specific fact capable of direct proof by witnesses, speaking from their own knowledge; and when the rule is relaxed, it is from necessity alone.—*Overstreet v. State*, 3 How. (Miss.) 328; *Wooster v. State*, 55 Ala. 221. The evidence sought to be elicited by the question was both irrelevant and illegal.

To "engage in, or carry on business," has been uniformly construed as signifying "that which occupies the time, attention, and labor of men, for the purpose of a livelihood or profit." "It is the business, the occupation, or profession, on which the law imposes the tax." It has been held that the doing of a single act, pertaining to a particular business, will not be considered engaging in, or carrying on the business, yet a series of such acts would be so considered.—*Lemons v. State*, 50 Ala. 130. The same signification was applied in the case of *Mc-Pherson v. State*, 54 Ala. 224, where the court declared, "It consists in engaging in, or carrying on the business of a wholesale dealer in vinous, spirituous or malt liquors, not in one, or more acts of selling, without any intent to engage in or carry on the business." One act may be sufficient to constitute an "engaging in, or carrying on the business," according to the intent with which the act is done, and other proof in the case. If a party makes all necessary preparations to carry on the business, holds himself out as a wholesale liquor-dealer, and solicits trade as such, and makes one sale in violation of the law, intending to continue the business, he is engaged in, or carrying on the business, within the meaning of the law.

The clerk or agent of one unlawfully engaged in the business of a wholesale liquor-dealer, may be convicted, upon proof of the unlawful acts of selling by him, although such agent or clerk may not have any pecuniary interest in the business, other than as mere clerk or agent.

The charges requested by defendant, construed in reference to the testimony, are not in accordance with these views, and were properly refused. Charge No. 3 is clearly an invasion of the province of the jury.

Affirmed.