HAWKEYE INSURANCE COMPANY, Appellant, v. D. P. HUSTON, ROBERT JOHNSON, *et al.*

Injunction: MOTION TO DISSOLVE: ASSIGNMENT OF ERROR. A ruling
1  on a motion to disssolve a temporary injunction is not an adjudication on the merits and can only be reviewed on appeal when error is properly assigned.

Injunction: JUDGMENT ON THE PLEADINGS: PRESUMPTION. Where
2  an injunction is isued to restrain the collection of an alleged invalid default and judgment and the invalidity of the judgment is denied in the answer, it will be presumed on appeal that the judgment on the pleadings dissolving the injunction was properly entered.

*Appeal from Jones District Court.*—HON. W. G. THOMPSON, Judge.

MONDAY, OCTOBER 19, 1903.

IN September, 1894, the defendant D. P. Huston re-
covered a judgment by default against the plaintiff on a
policy of fire insurance issued to him. The application for
such policy was taken by one W. H. Gordon, whose office
was in Olin, in Jones county. Before suit was brought on
the policy, Gordon died, and notice of suit was served on one
F. M. Rhodes, whom the plaintiff alleges was its soliciting
agent residing at Anamosa, Iowa, but whom the defend-
ants in their answer allege conducted the business per-
taining to the agency of Gordon after his death. This
action was brought in equity in April, 1902, asking a tem-
porary writ of injunction restraining the collection of the
judgment rendered against the plaintiff in 1894, on the
ground that the court had no jurisdiction to render the
same. The petition was presented to Judge Thompson
and an *ex parte* writ issued. Following the issue of this
writ the defendants answered denying the want of ser-
vice and the consequent want of jurisdiction to render the
judgment sought to be enforced. Still later the defend-
ants moved a dissolution of the temporary writ, which
motion was heard and sustained, and the plaintiff appeals.
—*Affirmed.*

*J. B. Johnson* for appellant.

*Remley & Ney* and *F. O. Ellison* for appellees.

SHERWIN, J.—This is an equity case, and the record
has not been preserved and certified so that it is triable
*de novo* in this court, and we have no evidence before us.
The order on motion dissolving the temporary writ of in-
junction was not a final adjudication of the merits of the
controversy, and can only be considered by us, if at all,
on proper assignment of errors. It is doubtful whether
there is an assignment of errors in this case which gives
us power to review the action of the trial court and we
are inclined to the view that the motion to affirm for want

thereof, submitted with the case, should be sustained. We do not pass upon the motion, however, for the reason that we are of the opinion that the record presented to us fully justified the dissolution of the temporary writ. Every presumption must be indulged in favor of the validity of the judgment and of the jurisdiction of the court entering the judgment.    To entitle the plaintiff to an order restraining the collection thereof, it was necessary for it to show affirmatively that it was invalid.    This it alleged, but the allegation.was squarely met in the answer, and upon the pleadings alone, after answer, the writ should have.been dissolved.

As we have nothing but the pleadings before us, it is evident therefrom that the order appealed from is right, and it is AFFIRMED.