JOHN BEICKLER, By His Next Friend, Eva Beickler, Appellee, v. O. P. GUENTHER, Appellant.

Minors: DISAFFIRMANCE OF CONTRACT: "ENGAGED IN BUSINESS"
1   DEFINED. The term "engaged in business" signifies an employment for the purpose of a livelihood or profit, and hence evidence that a minor is engaged in farming at a stipulated price per year and that he purchased certain lots while so engaged, while competent, is not sufficient to show that he was "engaged in business," as contemplated by the statute, so as to preclude him from rescinding such purchase.

Disaffirmance of Minor's Contract: RESTORATION OF PROPERTY.
2   Where a minor seeks to disaffirm his contract during minority an offer in writing to return property received by him, in the absence of an acceptance, is equivalent to a tender, and if he thereafter disposes of the property it will not defeat his right to disaffirm

Disaffirmance of Minor's Contract: MEASURE OF DAMAGES. Where
3   a minor elects to disaffirm a contract for the purchase of lots he is entitled to recover the purchase price of the lots at the time of disaffirmance, less amount owing on the contract, with six per cent. interest from the time of payment to the time of trial.

*Appeal from Black Hawk District Court.*—HON. A. S. BLAIR, Judge.

TUESDAY, OCTOBER 20, 1903.

THE plaintiff, who was born in December, 1880, purchased four lots of defendant May 1, 1899, for which he agreed to pay $650—$42 in cash and $7 per month thereafter—deferred payments to bear interest at the rate of six per cent. per annum. Six payments were made, and he then notified defendant that he would pay no more. The defendant offered to return the $84 paid, with interest, which plaintiff refused. They then agreed about March, 1900, that for a team of horses, which was delivered to plaintiff, he would surrender the contract, which he did, and it was destroyed. On May 3, 1901, the plaintiff served written notice upon defendant that he elected to rescind the agreement by which he surrendered the contract of purchase, and tendered the return of the team. As defendant failed to signify his acceptance, and had transferred the lots to a third party, this action to recover their value was begun. Trial to jury resulted in a verdict for plaintiff, upon which judgment was entered. The defendant appeals.—*Affirmed.*

*Miller & Williams* for appellant.

*Edwards & Longley* and *Hoxie & Brunn* for appellee.

LADD, J.—The plaintiff was but nineteen years old when he bought of defendant and became owner of the lots. Within a year, and when still a minor, he exchanged them for a team of horses: This trade he elected to rescind May 3, 1901, seven months prior to his majority, and tendered the horses back to the defendant. The law deals tenderly with a minor in permitting him to disaffirm his contracts, save for necessaries, "within a reasonable time

*1. MINORS: disaffirmance of contract: "engaged in business" defined.*

after he attains his majority, and restores to the other party all money or property received by him by virtue of the contract and remaining within his control at any time after attaining his majority," except when the other party has been misled by the minor's misrepresentations as to age, or from his having engaged in business as an adult. Section 3189, 3190, Code; *Green v. Wilding,* 59 Iowa, 679. The plaintiff's occupation was that of a farm laborer at a stipulated price per year. Such employment is not peculiar to adults, and furnished no ground for the supposition that he was engaged in business as such. Aside from this, he had purchased these lots, and made payments thereon. These transactions were undoubtedly such as are ordinarily performed by persons of maturity. As such they were admissible in evidence. But to "engage in business" is uniformly construed as signifying to follow that employment or occupation which occupies the time, attention, and labor for the purpose of a livelihood or profit. *Abel v. State,* 90 Ala. 631 (8 South. Rep. 760); *Shryock v. Latimer,* 57 Tex. 674; *Hickey v. Thompson,* 52 Ark. 234 (12 S. W. Rep. 475). See authorities collected in 6 Cyc. 259. The definition of "business" given by Webster is quite generally accepted: "That which engages the time, attention, or labor of any one as his principal concern or interest, whether for a longer or shorter time; constant employment; regular occupation." The kind of employment is immaterial under our statute. It may be any particular occupation in which the minor engages as an employment. The transaction of business occasionally would be in one sense "engaging in business," but the statute evidently contemplates doing so as a regular occupation or employment. See *Stephenson v. Primrose,* 33 Am. Dec. 281. It is hardly necessary to add that the evidence falls short of showing conclusively, as contended by appellant, that plaintiff had engaged in business as an adult.

II.    The plaintiff offered in writing to return the
team.    This, in the absence of an acceptance, was equiva-
lent to the actual tender of the property.    But he disposed
2. DISAFFIRM- of the horses six weeks later, and it is said
ANCE of min-
ors contract: that, because of not keeping the tender good,
restoration
of property. he should be defeated in this action.    Disaf-
firmance is one thing and restoration of property quite
another.    The minor may disaffirm before he attains the
age of twenty-one years.    *Childs v. Dobbins*, 55 Iowa, 205.
He is only required by the statute to restore the money
or property received by virtue of the contract "re-
maining within his control at any time after attaining
his majority."    As stated, he ceased to be the owner of
the team before becoming of age, and thereafter was not
in control of anything received from defendant.    There
was then nothing in his keeping.to restore.

III.    The court charged the jury that the damages to
be allowed "will be the difference between the reasonable
market value of the four lots in question at the time of
3. DISAFFIR- the disaffirmance of the contract of the sale
MANCE: mea-
sure of dam- of the horses and the value of the lots at the
ages. time of the purchase of said lots by plaintiff,
if you find there is any difference in said values, to which
you will add the amount you find plaintiff has paid on the
same, with interest thereon at six per cent. from the time
of the payments up to this time."    This instruction, while
not strictly accurate, was too favorable to defendant.
The plaintiff was entitled to recover the market value of
the lots at the time of the disaffirmance, less the amount
owing on the contract of purchase, with interest
added as stated.    There was no evidence tending
to show their value at the time of purchase less
than the price agreed upon.    If the jury found it greater,
plaintiff, under this instruction, was deprived of the
difference.    Merely allowing what he had paid, as
proposed by appellant, overlooked any possible increase

in value. But it is argued that the fact of exchanging his interests in the lots for the team was a disaffirmance of the land contract, and hence but the amount paid thereon should be recovered. On the contrary, it was a recognition by both parties of the validity of that contract, and a sale of it for the horses. *Leacox v. Griffith,* 76 Iowa, 93, is not in point. There the sale of chattels was wholly inconsistent with the recognition of the mortgage executed thereon by the minor, while here, in taking the team, he asserted his ownership of the lots.

The judgment is AFFIRMED.