LEE FRIAR, Appellee, v. RAE-CHANDLER COMPANY et al., Appellants.

INFANTS: Insufficient Misrepresentation as to Majority. A statement by a minor, true in fact, to the effect *"that he has money in a bank,"* will not constitute "misrepresentation as to his majority," when it is manifest that the statement was neither made nor understood as having any reference to the age of the declarant. (Sec. 3190, Code, 1897.)

PRINCIPAL AND AGENT: Agent's Knowledge Imputed to Principal. The knowledge of an agent, acquired during the time of his agency, that a party with whom he was dealing for the principal was a minor, will be imputed to the principal even though such knowledge was *casually* acquired—not acquired during any business transaction.

INFANTS: "Engaging in Business" Defined. The act of a minor in occasionally driving an automobile for hire, or occasionally selling corporate stocks on a commission, is not such "engaging in business" as will justify a person who deals with the minor in believing that he is of full age. (Sec. 3190, Code, 1897.)

*Appeal from Polk District Court.*—HUBERT UTTERBACK, Judge.

NOVEMBER 15, 1921.

PLAINTIFF seeks to disaffirm contracts for the purchase of several automobiles, entered into while a minor, and to recover the various sums paid therefor. Judgment for plaintiff. Defendants appeal.—*Affirmed.*

*James C. Hume,* for appellants.

*Brockett, Strauss & Blake,* for appellee.

STEVENS, J.—I. Defendants, who are automobile dealers, admit the allegations of plaintiff's petition: That, on April 8, 1917, he purchased a Chandler roadster automobile of them, for which he paid $1,300; that, during May, he traded the roadster to them for a Chandler touring car, paying a difference of $100; that, on or about June 17th, he traded the Chandler touring car to them, together with a Ford automobile of the value of $200, and paid a difference of $100 for another new touring car; and that, about the middle of August, he purchased a new roadster, for which he gave a note for $1,190. The note was subsequently paid.

1. INFANTS: insufficient misrepresentation as to majority.

Plaintiff further alleged in his petition that he purchased a secondhand automobile of the defendants, on July 1st. This transaction was denied by defendants, and the claim was withdrawn by plaintiff, and is not now involved.

Defendants, by way of avoidance, and as affirmative defenses, set up misrepresentation by plaintiff as to his majority, and contend that they had good reason to believe him capable of contracting, from his having engaged in business as an adult. While some contention is made by counsel for appellants that the right of plaintiff to disaffirm and recover back the purchase price and boot money received by defendants must be determined under the common law, we think the facts bring the case squarely within the prior decisions of this court and within the provisions of Sections 3189 and 3190 of the Code, which are as follows:

"Sec. 3189. A minor is bound not only by contracts for necessaries, but also by his other contracts, unless he disaffirms them within a reasonable time after he attains his majority, and restores to the other party all money or property received by him by virtue of the contract, and remaining within his control at any time after his attaining his majority, except as otherwise provided.

"Sec. 3190. No contract can be thus disaffirmed in cases where, on account of the minor's own misrepresentations as to

his majority, or from his having engaged in business as an adult, the other party had good reason to believe him capable of contracting."

The record contains no evidence of any direct statement or representation by plaintiff to defendants or their agents as to his age prior to June 9th, but on that date he informed Joe Longwell, defendants' salesman, with whom the transaction of April 8th was had, that he was a minor, and was not required to register under the registration act of Congress. No claim is made by appellants that he purposely made false statements as to his age; but the evidence shows that, on the evening of April 8th, when he purchased the first roadster, he requested permission to take it out at once, and to pay for it the following day, saying that his money was in a bank at Grimes. His request was submitted to Elliott or Windsor by Longwell, and approved. The evidence also tends to show that he said at other times that he owned stock in a canning factory at Grimes; that he was engaged in secret service work; that he had been employed by the Hawkeye Tire Company, a corporation, to sell stock upon a commission; and that he owned some of the stock of the tire company. The language of Section 3190 is that:

"No contract can be thus disaffirmed in cases where, on account of the minor's own misrepresentations as to his majority * * * the other party had good reason to believe him capable of contracting."

The representation that his money was in a bank at Grimes could not have been intended by plaintiff as a misrepresentation of his age. Defendants had raised no question on that point, and there was no necessity for any statement as to his age. Ordinarily, perhaps, a minor would not have funds in a bank upon which he could draw for the purpose of paying for an automobile; but at most, a mere inference that he had attained his majority might be drawn from the statement. So far as appears, the statement was innocently made, and without any thought upon plaintiff's part that he was misrepresenting or making a representation as to his age, nor did defendants so interpret it at the time. The misrepresentation which will enable a party who has contracted with a minor to invoke the statute must be "the minor's own misrepresentation as to his majority:" that is, it

must be some affirmative or definite statement, intended to mislead and to create a belief in the mind of the other party that the minor is capable of contracting. The evidence offered by defendants was not of this character, and the court properly held that the plaintiff was not deprived of the right to disaffirm, because of misrepresentation as to his majority. Plaintiff did have money in the bank, which he withdrew and turned over to defendants in payment for the automobile.

II.  The evidence also shows that all of the transactions with plaintiff on behalf of the defendants were conducted by Joe Longwell, and that two of them were after he knew plaintiff

2. PRINCIPAL AND AGENT: agent's knowledge imputed to principal.

was a minor. While this information did not come to the attention of Longwell while he was actually engaged in making a sale of an automobile to plaintiff, or in exchanging automobiles, it was during the period of his employment as a salesman by defendants, and very near to the time of two of the transactions; and notice thereof was imputed to his principal.

The case is at least as strong on this point as it would have been if the knowledge had been acquired before Longwell became the agent of defendants, but so recently as that it would be presumed that he had not forgotten the fact. It is the law in this state that the principal is chargeable with knowledge of the agent acquired before the agency began, if so recent as to justify an inference that he had it in mind at the time of the transaction.  *Yerger v. Barz*, 56 Iowa 77; *Stennett v. Pennsylvania Fire Ins. Co.*, 68 Iowa 674; *McClelland v. Saul*, 113 Iowa 208. See, also, note following *Hall & B. W. M. Co. v. Haley Furn. & Mfg. Co.*, L. R. A. 1918 B, 924. The rule of these cases is, of course, not applicable to the sales in April and May.

III.  The words "engaging in business," within the meaning of Section 3190 of the Code, are difficult of precise definition. They certainly mean something more than working for wages

3. INFANTS: "engaging in business" defined.

upon a farm or in a factory, or as a chauffeur, or clerking in a store, and many similar occupations. These employments are as common to minors as to adults, and there is nothing in the nature or character thereof to indicate that a minor thus employed is engaged in business as an adult. These occupations are not peculiar to

adults. The testimony showed without dispute that plaintiff was employed to drive an automobile, for a time, for a secret service agent, and that he solicited subscriptions to stock for the Hawkeye Tire Company upon a commission basis, and that his net earnings as a stock salesman were about $1,000. During the time he was selling stock, he was also attending a commercial college in Des Moines, and was living at the Y. M. C. A., but was spending his week-ends at the home of his parents, at Grimes. We said, in *Beickler v. Guenther*, 121 Iowa 419:

"To 'engage in business' is uniformly construed as signifying 'to follow that employment or occupation which occupies the time, attention, and labor, for the purpose of a livelihood or profit.' *Abel v. State*, 90 Ala. 631 (8 So. 760); *Shryock v. Latimer*, 57 Tex. 674; *Hickey v. Thompson*, 52 Ark. 234 (12 S. W. 475). See authorities collected in 6 Cyc. 259. The definition of 'business' given by Webster is quite generally accepted: 'That which engages the time, attention, or labor of anyone as his principal concern or interest, whether for a longer or shorter time; constant employment; regular occupation.' The kind of employment is immaterial, under our statute. It may be any particular occupation in which the minor engages as an employment. The transaction of business occasionally would be, in one sense, 'engaging in business,' but the statute evidently contemplates doing so as a regular occupation or employment."

To the same effect is *In re Estate of Colburn*, 186 Iowa 590; *Southern Cotton Oil Co. v. Dukes*, 121 Ga. 787 (49 S. E. 788); *Seeley v. Seeley-Howe-LeVan Co.*, 128 Iowa 294; *First Nat. Bank v. Casey*, 158 Iowa 349.

One engaged as chauffeur, as a laborer, clerk, or stock salesman, although upon a commission basis, is not engaged in an independent business, in which he assumes and pays obligations growing out of and peculiar to the business. One engaged in business as an adult makes contracts and assumes obligations which are binding as a matter of course, and without question as to his right to do so. Testimony was offered, showing that plaintiff had the appearance of an adult. This fact may have, to some extent, deceived defendants, but it was in no sense a misrepresentation. It was material and to be considered, in this case, only on the question of his having engaged in business as an

adult.   The facts of this case are no stronger than in *Seeley v. Seeley-Howe-LeVan Co.*, supra, in which we held that the evidence was insufficient to show that Cecil Dixon, a minor who sought to disaffirm a contract for stock and the subsequent settlement of a controversy growing out of such purchase of stock, had engaged in an independent business as an adult.   Plaintiff's father, however, testified that he informed defendants, shortly after plaintiff purchased the roadster on April 8th, that plaintiff was a minor; but this testimony is denied by the defendants.   The issues were properly withdrawn from the jury and a verdict directed for the plaintiff at the close of all the evidence. —*Affirmed.*

EVANS, C. J., ARTHUR and FAVILLE, JJ., concur.