CITY OF DES MOINES, appellant, v. CITY OF WEST DES MOINES et al., appellees.

### No. 48143.

(Reported in 56 N.W.2d 904)

FEBRUARY 10, 1953.

John A. Blanchard, corporation counsel, Harris M. Coggeshall, city solicitor, and Frank D. Bianco, assistant city solicitor, all of Des Moines, for appellant.

Whitfield, Musgrave, Selvy, Fillmore & Kelly, of Des Moines, for appellees.

OLIVER, J.—In 1925 plaintiff, City of Des Moines, and defendant City of West Des Moines, then named Valley Junction, entered into a contract for the use of part of plaintiff's sanitary sewer system as an outlet for defendant's sanitary sewer system. In 1947 plaintiff brought suit against defendant city alleging the contract was void for various reasons and that it was unreasonable and praying that it be decreed void or, in the alternative, that defendant be required to pay, for the use of plaintiff's sewer facilities, a sum per person of its population equivalent to the cost to plaintiff per person. Defendant moved to dismiss upon the ground the petition did not state a cause of action and showed on its face the contract was valid and binding. The trial court sustained the motion and dismissed the suit. Plaintiff appealed. In 1948 this court affirmed the judgment. City of Des Moines v. City of West Des Moines, 239 Iowa 1, 30 N.W.2d 500.

In 1940, 1948, 1949 and 1950 defendant city changed its boundaries by annexing certain adjoining territory and proceeded to extend its sanitary sewer system into such territory. Alleging the rights of defendant city to use the sewer outlet

under the 1925 contract were limited to defendant's 1925 boundaries, plaintiff, in 1950, brought the instant suit against defendant city and its officers for a declaratory judgment adjudicating the rights of the parties under the contract and for other relief. After the case was at issue defendants moved for judgment on the pleadings under R. C. P. 222. The trial court sustained the motion generally and rendered judgment for defendants. Plaintiff has appealed.

The written contract, executed in duplicate July 6, 1925, consists of about seventeen hundred words. As pointed out in the former decision (City of Des Moines v. City of West Des Moines, 239 Iowa 1, 9, 30 N.W.2d 500, 505, supra) legislation was necessary before the contract could be made and, "The contract reveals internal evidence that the legislation, though general, was for the special benefit of the two cities."

The contract provides, in part, "the party of the first part [plaintiff] does hereby grant to the party of the second part [defendant city] the continuing right to connect the sanitary sewer system of the said party of the second part to the said sanitary sewer system of the party of the first part, known as the South West Sewer System, * * * and to use said South West Sewer as an outlet for the said sanitary sewer system of the party of the second part", the connection to be made at a point already provided, describing it. And, "Said second party may also connect its sanitary sewer system with said South West Sewer System * * * at any point where it is practicable and feasible so to do as an outlet * * *." The contract provides that defendant city pay plaintiff $40,000 November 1, 1925, $2000 annually for ten years commencing June 1, 1926, $2500 annually thereafter for ten years, with the right to subsequent extensions of ten years by giving notice, "and thereupon there shall be due and payable, by said party of the second part, to the party of the first part, an annual sum equal to fifty cents (50¢) per capita of the population of the party of the second part at the time of giving said notice." Further extensions could be secured "in periods of ten (10) years, by giving like notice and paying a like amount per capita annually thereafter * * *. IT IS MUTUALLY UNDERSTOOD AND AGREED * * * that the amounts stipulated in this contract * * * shall constitute compensation in full * * * for the perpetual

use \* \* \* of said South West Sewer System \* \* \* for emptying into said sewer system all sewage and liquids accumulating in the sanitary sewer system of the party of the second part, for the treatment and disposal of same."

The pleadings are voluminous. However, the basic contentions pleaded by plaintiff may be summarized as follows: (1) That the provisions of the contract limited the rights secured thereunder by defendant city to its then existing geographical boundaries and did not include territory which thereafter might become part of defendant city and (2) that this was the intention, understanding and agreement of the parties at the time the contract was made.

Plaintiff prayed judgment declaring the rights and status of the parties under the contract, limiting the rights of defendant city thereunder to sewage originating within its 1925 geographical boundaries, and requiring that new contracts be negotiated or that plaintiff be paid a reasonable sum for the use of plaintiff's sewer facilities by such portion of defendant city as became part thereof subsequent to the making of the 1925 contract, or that such use be enjoined.

Defendants' answer stated, in part, that the contract showed upon its face it was applicable to all the City of West Des Moines, including the territories subsequently annexed thereto, and alleged it was the intention of the parties to the contract that it should apply to all of the City of West Des Moines at all times; that the contract did not exclude any territory thereafter annexed to West Des Moines and that plaintiff's petition, therefore, did not state a cause of action. Defendants' motion for judgment on the pleadings presented, among other things, the question whether the pleaded, undisputed facts were legally sufficient to entitle plaintiff to relief.

I. No language in the contract specifically limits the rights of defendant city to its 1925 geographical boundaries. Nor may such inference properly be drawn from any of its provisions. The provisions fixing the compensation for use of the outlet indicate the parties expected defendant city would grow. They doubtless knew such growth might be internal or external or both, and that when the boundaries of cities are extended their public service systems are usually extended accordingly.

The contract makes the population of defendant city the measure of the amount of its future payments. It does not limit the number of persons who may use the sewer facilities. For the first twenty years payments are in fixed amounts, after that they are computed on a per capita basis and not on an area basis. The contract grants defendant city the continuing right to connect its "sanitary sewer system" with the South West Sewer System and to use the same as an outlet for "the said sanitary sewer system" of defendant. It refers also to the perpetual use of the South West Sewer System for receiving *all sewage* and liquids accumulating in defendants' "sanitary sewer system", for treatment and disposal. It anticipates the growth of defendants' sanitary sewer system and provides for additional outlet connections with plaintiff's system.

The language of the contract is plain and unambiguous. It clearly includes all sewage accumulating in the sanitary sewer system of defendant and does not exclude defendants' sewers within the boundaries of defendant city as thereafter extended. We hold the plaintiff was not entitled to relief predicated on the terms of the written contract.

II. Plaintiff pleaded it was the intention, understanding and agreement of the parties at the time the contract was made that the rights secured by defendant city thereunder should be limited to the existing geographical boundaries of defendant city. Plaintiff did not plead fraud, duress or mistake, or state any reason for noninclusion of this alleged agreement in the contract. We have already held the contract is plain and unambiguous.

Defendants assail the sufficiency of the pleading under the parol-evidence rule. Restatement of the Law, Contracts, section 237, page 331, states with reference to the parol-evidence rule: "Except as stated in sections 240, 241 the integration of an agreement makes inoperative to add to or to vary the agreement all contemporaneous oral agreements relating to the same subject-matter * * *."

The rule is not one of evidence but of substantive law. The reason for the rule has been said to be that as the parties have made the writing the memorial of their understanding it

constitutes the agreement as a matter of law and nothing may be added to it or substituted in its stead. .

· The text in 32 C. J. S. 816–822, Evidence, section 901, states:

"The most usual application of the parol-evidence rule is with respect to contracts, as to which it is established that, with certain exceptions * * * such as fraud, accident, mistake, or ambiguity, parol or extrinsic evidence is not admissible to vary, add to, modify, or contradict the terms or provisions of the written instrument, by showing the intentions of the parties, or their real agreement with reference to the subject matter, to have been different from what is expressed in the writing * * * the writing being regarded as the only evidence of the agreement."

See also 20 Am. Jur., Evidence, section 1099, page 958; id., Evidence, section 1102, page 964.

In re Estate of Murdoch, 238 Iowa 898, 903, 29 N.W.2d 177, holds, when the intent of the parties is evidenced by a clear-cut and unambiguous written agreement which declares their rights in express terms, in the absence of a plea of fraud, duress or mistake this court is bound by the plain and express terms of the agreement. This holding was followed in McManis v. Keokuk Savings Bank & Trust Co., 239 Iowa 1105, 1108, 1109, 33 N.W.2d 410. In Jones v. Sargent, 193 Iowa 1256, 188 N.W. 818, in which there was a written contract covering the subject, a pleading based on an alleged additional oral agreement was held not to state a cause of action.

The text in 17 C. J. S. 695–698, Contracts, section 296, states: "The intention of the parties is to be deduced from the language employed by them * * * and the rule making the terms of the contract conclusive where unambiguous is controlling in the absence of averment and proof of mistake * * *."

So in the case at bar, the terms of the contract are conclusive and plaintiff's pleaded claim based upon the alleged intention, understanding and agreement of the parties does not constitute a valid cause of action.

It may be well to point out that section 622.22, Code of Iowa, 1950, which refers to the understanding of parties to an agreement does not apply to agreements which are plain and un-

ambiguous. Comptograph Co. v. Burroughs Adding Machine Co., 179 Iowa 83, 108, 109, 159 N.W. 465, 473; County of Pocahontas v. Katz-Craig Contracting Co., 181 Iowa 1313, 1322, 165 N.W. 422, 425.

The trial court did not err in sustaining defendants' motions for judgment on the pleadings and in rendering judgment for defendants. The foregoing conclusion makes unnecessary the consideration of other defenses pleaded by defendants.—Affirmed.

All JUSTICES concur except LARSON, J., not sitting.