JAMES CALDWELL MARTIN, a minor, by DAVID MARTIN, his next friend, appellant, v. STEWART MOTOR SALES, a corporation, appellee.

No. 48800.

(Reported in 73 N.W.2d 1)

November 15, 1955.

J. Andy Zenge, Jr., of Canton, Missouri, and Charles P. Beard, of Keokuk, for appellant.

Boyd, Walker, Huiskamp & Concannon, of Keokuk, for appellee.

THOMPSON, J.—The plaintiff, a minor, brought his action by his next friend asking that a contract which he had entered into with the defendant for the purchase of an automobile be annulled and set aside and the defendant be required to refund to him the money paid. James Caldwell Martin, the minor, will be hereinafter referred to as the plaintiff.

The action is based upon the undisputed fact of the plaintiff's minority. The only defense which we find necessary to consider was that he had misrepresented his age to the defendant and so could not avail himself of the provisions of section 599.2, Codes of 1950, 1954. This section gives the minor the right to disaffirm contracts made during his minority, with certain exceptions not material here, within a reasonable time after reaching his majority. But the following section, 599.3, provides:

"No contract can be thus disaffirmed in cases where, on account of the minor's own misrepresentations as to his majority, or from his having engaged in business as an adult, the other party had good reason to believe him capable of contracting."

It is this section upon which the defendant relies, and the decision of the learned trial court was based upon it.

I. There is some uncertainty as to whether the action was at law or in equity. As the trial court commented, the only real issue was whether the plaintiff had misrepresented the facts as to his age. His demand was in essence for a money judgment only. We are of the opinion, however, that the case was in effect tried in equity, and so is triable de novo here. McCulloch Investment Co. v. Spencer, 246 Iowa 433, 67 N.W.2d 924.

II. During the month of July 1953, when the plaintiff was about 18½ years of age, he purchased a used automobile from the defendant-company. It appears he first agreed on terms and paid $250 in cash; and a few days later went to the sales rooms of the defendant in Keokuk, and gave a check for the remainder of the agreed price in the sum of $540, making a total of $790. At this time he drove the car away.

There is some contention as to whether the plaintiff signed the written instrument upon which the defendant relies at the time he paid the first installment or just before he took the car away after paying the balance due. We consider the point immaterial. Admittedly he signed the contract before he was permitted to take possession of the automobile. He kept the car for more than eight months, drove it some 10,000 miles, returned it on March 22, 1954, at which time he was still a minor, and demanded the return of the sum paid.

The automobile was purchased under a written contract, which is in evidence as Exhibit 1 and as defendant's Exhibit A. It is in the form of an order for the described automobile. After the printed words "Please enter my order for one used" and the description of the car are the words, apparently stamped in a blank space: "I understand that liability insurance coverage which will protect me under the Iowa Motor Vehicle Financial and Car Responsibility Act is not included in my purchase of the above described motor vehicle. I have received a copy of this statement." The price of the car—$790—is set out in the margin, and underneath the quoted statement appears the admitted signature of the plaintiff. Below this appears further printing, the important part of which is this statement: "I certify that I

am twenty-one years of age or over * * *." The admitted signature of the plaintiff appears again below this printed matter. At the top the contract is dated July 16, 1953.

■ III. Some comment upon the pleadings is material here. The plaintiff's petition refers to "the contract under which he had purchased said automobile"; and of course the written order above referred to, which was signed twice by the plaintiff and once by the defendant, constituted a written contract, and the only contract shown by the record, setting out the terms of the agreement. The defendant in its answer pleaded the affirmative defense of misrepresentation of age by the plaintiff. In reply to this allegation the plaintiff denied that he so misrepresented, but pleaded no fraud, duress or mistake which induced him to sign the contract. The burden to prove the misrepresentation was of course upon the defendant; but if the plaintiff sought to rely upon fraud or other legal excuse which induced the signing of the contract, the burden was equally upon him to plead and prove it.

IV. The correctness of the decision of the trial court becomes obvious with a statement of the facts. The Iowa law on disaffirmance of contracts by minors is statutory. This distinguishes our holdings from those in other jurisdictions which follow the common law. The plaintiff cites and relies upon International Text Book Co. v. Connelly, 206 N.Y. 188, 99 N.E. 722, 42 L. R. A., N. S., 1115, and Conroe v. Birdsall, 1 Johns. Cas. (N. Y.) 127, 1 Am. Dec. 105. They hold that misrepresentation of age does not prevent disaffirmance. Apparently at the time of these decisions New York had no statute such as ours which provided the minor would be bound by his contract if he had misrepresented the facts as to his age and the other party relied upon such representations. The cases give us no aid in determining the issues here.

■ The burden was upon the defendant to establish the affirmative defense of misrepresentation and reliance thereupon. 43 C. J. S., Infants, section 117a. It carried this burden by showing the written statement of the plaintiff in the contract of sale of the automobile that he was twenty-one years of age or over, and by the testimony of its agent and officer who

made the sale that he relied upon that statement. We applied this provision of the statute in Eckrich v. Hogan Brothers, 220 Iowa 755, 263 N.W. 308. The governing rule is well stated in Friar v. Rae-Chandler Co·, 192 Iowa 427, 429, 430, 185 N.W. 32, 34, in these terms:

"The misrepresentation which will enable a party who has contracted with a minor to invoke the statute must be 'the minor's own misrepresentation as to his majority:' that is, it must be some affirmative or definite statement, intended to mislead and to create a belief in the mind of the other party that the minor is capable of contracting."

We can conceive of no more definite statement by the plaintiff here or one more calculated to mislead the other contracting party than his written certification that he was twenty-one years of age or more. The statement is a part of the written contract, and the defendant had the right to rely, and the evidence shows it did rely, upon it. The plaintiff attempts to counter this defect in his case by testifying that he did not read the contract before he signed it; that it was presented to him when he was about to leave with the car; he was in a hurry, and "he had me sign it to prove that they didn't have any—I mean, he brought out the fact that they didn't have any insurance to cover that. I would be assuming full responsibility of the car when I drove it out of the garage."

We have pointed out that there is no pleading of fraud by the plaintiff inducing him to sign the contract without knowing its contents. This was essential if it is claimed there was such fraud. We said in In re Estate of Kinnan, 218 Iowa 572, 576, 255 N.W. 632, 635: "In order to establish a claim or defense based upon fraud or collusion, it is necessary to both allege and prove the allegations." In fact the plaintiff does not argue here that he was induced to enter into the contract by fraud or was misled into signing it without reading.

Such being the situation, we think the plaintiff cannot be heard to say he did not read the contract or did not know its contents. He was a college student at the time; he admitted he could read all the print in the contract without glasses. The

general rule is that parol evidence is not admissible to vary the terms of a written instrument; and we find this statement in 46 Am. Jur., Sales, section 281, pages 465, 466: "The mere failure of the buyer to read the contract before signing it does not change this general rule * * * ." The plaintiff in his reply to the affirmative defense of misrepresentation as to his age set up in defendant's answer, having contented himself with denying that such representation was made, finds himself confronted with inescapable proof to the contrary.

It is true the testimony that he signed the statement without reading it and that he was told it was to prove there was no transfer of insurance seems to have been admitted without objection. But the rule which forbids varying, modifying, adding to or contradicting written contracts by parol evidence is one of substantive law rather than of evidence. As to this, 20 Am. Jur., Evidence, section 1101, page 964, says: "It has also been held generally that such evidence will be disregarded although no objection is made thereto." And see Des Moines v. West Des Moines, 244 Iowa 310, 314, 315, 56 N.W.2d 904, 906, where this court (Oliver, J.) stated:

"The reason for the rule has been said to be that as the parties have made the writing the memorial of their understanding it constitutes the agreement as a matter of law and nothing may be added to it or substituted in its stead."

If we should consider the evidence, it falls short of showing plaintiff failed to read or know the contents of the instrument. The defendant's witness Schnupper says the contract was signed when the first payment of $250 was made. It is agreed there were a few days between the first payment and the date when the plaintiff paid the balance and took the car. It would be the usual procedure for the plaintiff to sign an order when he first arranged the purchase; since he had made a payment it would be for his protection as well as the vendor's to have the terms specified. So far as the record shows, the plaintiff was given no other receipt for the cash payment first made. He says in his testimony that a pencil notation—his father's name and telephone number—appearing on the contract at the time of the trial was not on the contract when he signed it. This indicates more fa-

miliarity with the instrument than he would now have us believe. The instrument recites the plaintiff was given a copy, but he made no claim that it contained statements which were untrue during the more than eight months he kept the car and used it, nor at any time in fact until he was confronted with the contract when on the witness stand. It seems reasonable to believe that the contract—the "car order"—was signed at the bottom by both parties when the deal was first agreed upon and the cash payment of $250 made; and that, if the plaintiff signed anything on the day he completed the transaction and drove the car away it was the signature in the middle of the paper immediately below the stamped statement in regard to liability under the financial responsibility act.

█ V. The question of the appearance of the plaintiff—whether he looked like an adult—is the subject of some controversy in the case. The defendant's witness Schnupper, its manager, and the agent who made the sale, testified that the plaintiff appeared to be an adult at the time the contract was made, and that his appearance then was the same as at the time of the trial. The trial court found that his appearance at the time of the trial, some fifteen months after the sale, "would justify anyone in thinking that he might be 21 or even 25 years of age * * * ." This, while "in no sense a misrepresentation" (see Friar v. Rae-Chandler Co., supra, page 431 of 192 Iowa, page 35 of 185 N. W.) is material upon the point made by the plaintiff in his reply to defendant's answer that defendant did not have good reason to believe the plaintiff capable of contracting. If the plaintiff's appearance was clearly that of a minor at the time of the sale, the defendant would not then have been justified in relying upon the written statement of majority in the contract; just as it could not have so relied if the plaintiff had orally advised he was a minor, or if it had had this information in other ways.

We gave some importance to the appearance of the minor in Eckrich v. Hogan Brothers, supra, at page 761 of 220 Iowa, page 311 of 263 N.W., by this statement: "This misrepresentation as to his age, *made by one who had all the appearance of an adult,* under the plain provisions of the statute bars him

from exercising the right of disaffirmance of his contract." (Italics supplied.)

We find no error in the rulings and judgment of the trial court.—Affirmed.

OLIVER, C. J., and BLISS, GARFIELD, SMITH, and LARSON, JJ., concur.

WENNERSTRUM and HAYS, JJ., dissent.

PETERSON, J., takes no part.

WENNERSTRUM, J. (dissenting)—I am unable to agree with the majority opinion and consequently respectfully dissent.

It should be kept in mind that there were only two witnesses in this case, the plaintiff, the minor herein, who testified in his own behalf and the salesman for the defendant who testified for the defendant. As noted in the majority opinion under section 599.3, 1954 Code of Iowa, there can be no disaffirmance of a minor's contract where by reason of the minor's own misrepresentation as to his majority, or from having engaged in business as an adult, the other party had good reason to believe him capable of contracting. Under such circumstances it is the responsibility of this court to determine whether under the evidence the minor made any misrepresentations regarding his majority or whether there is sufficient evidence in this case of his having engaged in business as an adult which would give the representative of the defendant reason to believe the plaintiff capable of contracting.

In considering a contract wherein a minor is involved the person or party who asserts that it is binding has the burden of proving matters in avoidance of the infancy asserted, such as fraudulent concealment or misrepresentation of age, ratification after reaching majority, or engaging in trade. 43 C.J.S., Infants, section 117a, page 330.

In considering whether there was any misrepresentation on the part of the minor plaintiff and particularly as relates to the order which was signed, the plaintiff's testimony is in part as follows: "A. Well, when I signed it (the car order), I was in a hurry to leave at the time, and he had me sign it to

prove that they didn't have any—I mean, he brought out the fact that they didn't have any insurance to cover that. I would be assuming full responsibility of the car when I drove it out of the garage. Q. All right. Did you read that paper before you signed it? A. No, I didn't. I was in a hurry to leave."

We therefore have a situation wherein the only claimed misrepresentation as to the plaintiff's minority is that set forth in the written car order, and as regards this statement it is shown, by the minor's previous testimony, he was asked to sign the car order so that it could be shown there was no insurance carried by the company on the car. There is no showing the salesman called the minor's attention to the words pertaining to the age of the purchaser although he did do so concerning the stamped insertion relative to insurance. It is true the salesman testified that in negotiating the contract involved in the purchase of the car he relied on this statement. However, as hereinafter set forth, in answer to a question by the court whether he had asked the plaintiff what his age was, all the witness was able to answer was: "I can't remember."

From the foregoing excerpts from the testimony it must be apparent there was no misrepresentation made by the plaintiff relative to his age. The fact that the printed statement was incorporated in the car order should not be held against him, particularly when it is not shown it was brought to his attention. And this is particularly true when the defendant's salesman could not remember whether he had asked plaintiff what his age was. This would indicate the salesman did not call the plaintiff's attention to the statement in the car order regarding his age.

It is the conclusion of the writer of this dissent the defendant has failed to meet the burden of proof required of it to show misrepresentation on the part of the plaintiff concerning his age. Friar v. Rae-Chandler Co., 192 Iowa 427, 429, 430, 185 N.W. 32.

It cannot be said that the manner in which the car order was signed wherein the statement of age was incorporated was, under the circumstances, an affirmative or definite statement intended to mislead and to create a belief in the mind of the representative of the sales company that the minor was capable of contracting.

II. The defendant, in its answer, pleaded the plaintiff engaged in business as an adult and that the representative of the defendant had good reason to believe the plaintiff capable of entering into a contract. There was no evidence presented of any other business transaction than the one here involved. There is an entire lack of evidence relative to the plaintiff being engaged in business. The fact the plaintiff was employed during the summer in an industrial plant in Keokuk does not justify a conclusion he was engaged in business. As bearing on somewhat similar situations see Beickler v. Guenther, 121 Iowa 419, 96 N.W. 895; Friar v. Rae-Chandler Co., supra.

III. There is evidence to the effect the plaintiff appeared to be of age. This evidence was proper but not necessarily conclusive. 43 C. J. S., Infants, section 117b, page 331.

It is the conclusion of this dissenter the defendant has failed to sustain the burden placed on it. The action of the plaintiff may not be commendable but it is my conclusion the defendant has failed to sustain its contention by a preponderance of the evidence and a reversal in this case is justified. Then too, we must consider we are dealing with a minor. I would reverse.

HAYS, J., joins in this dissent.