RALPH MANRIQUE, appellee, v. IOWA STATE HIGHWAY COMMISSION and STATE OF IOWA, appellants.

No. 50099.

(Reported in 107 N.W.2d 432)

554

FEBRUARY 8, 1961.

Norman Erbe, Attorney General, C. J. Lyman, Special Assistant Attorney General, and John McKinney, General Counsel, for Iowa State Highway Commission, and Kindig, Beebe & McCluhan, of Sioux City, for appellants.

Orr & Furlong and A. D. Clem, all of Sioux City, for appellee.

PETERSON, J.—In 1922 plaintiff purchased a small three-room house located on property leased from Chicago and North Western Railway Company. He took an assignment of the existing five-year lease. New leases have been made at five-year periods through the intervening years. The last lease ran for five years from September 15, 1956. The rent was on the basis of $48.39 per year. The property is 100 feet in width by 150 feet deep and has been described through the years as 618 South Howard Street in Sioux City. Plaintiff made some improvements on the house and added two small sheds.

The pertinent parts of the lease as far as this action is concerned are as follows:

"Sixth. Either party may at any time terminate this lease by giving thirty (30) days' notice of its intention to do so. Such

notice shall be in writing and may be served by * * *. Upon the expiration of thirty days after such service of said notice this lease and all rights hereunder shall thereupon terminate and be at an end, saving and excepting such rights as may have accrued to either party hereunder prior to such termination. The Lessee shall without further notice or demand deliver possession of said premises to the Lessor, at the expiration of said thirty (30) days, and shall before the expiration of ten (10) days after said termination of said lease, remove all buildings and property placed upon said premises which it may desire and have the right to remove. If it shall fail to so remove such buildings and property, its right to do so shall, at the option of the Lessor, cease and Lessee's title thereto shall be forfeited and the same shall belong to the Lessor; * * *. * * *

"Tenth. The benefits and obligations of this lease shall extend to and shall bind the heirs, administrators, executors, lessees, successors *or assigns* of the parties hereto; * * *." (Emphasis ours.)

In 1958 the Iowa State Highway Commission completed plans for the establishment of Interstate Highway No. 29 into Sioux City. The property involved in this action was included in the property needed for such highway.

 Under deed dated January 23, 1959, the property involved herein, together with many other tracts of land in the area, was deeded to Iowa State Highway Commission.

On January 27, 1959, defendant Highway Commission served upon plaintiff a notice of assignment of lease and notice of termination of lease, describing the property involved in this action. The notice advised plaintiff that the lease had been assigned to defendant and that it would terminate as of midnight on March 2, 1959, in accordance with its terms for termination. It also gave notice to plaintiff to remove all buildings on the premises within ten days after the termination of the lease.

On March 3, 1959, defendant caused to be served upon plaintiff a three-day notice to quit, plaintiff having failed to surrender possession in accordance with the thirty-day notice.

At the same time said notice to quit was served, a State of

Iowa warrant for $25.87 was delivered to plaintiff, being the unpaid portion of the rent, which he had paid in advance. Plaintiff cashed the warrant.

Plaintiff not having surrendered possession of the premises, an action for forcible entry and detainer was filed by defendant Highway Commission against plaintiff and his wife on March 9, 1959. The forcible entry and detainer action was never prosecuted to its conclusion. On March 16, 1959, defendant instituted condemnation proceedings.

On March 30, 1959, the sheriff's jury awarded plaintiff the nominal amount of $1. Defendants immediately paid said $1 to the sheriff and took possession of the property on March 31, 1959, in accordance with provisions of statute.

In the meantime plaintiff removed all his furniture and personal effects from the property. Plaintiff did not move the buildings. He testified he discovered the cost of moving the buildings was more than they were worth.

After defendants took possession of the property the buildings were removed and destroyed in order to commence work on the highway.

On April 15, 1959, plaintiff appealed from the award of the sheriff's jury to the District Court of Woodbury County. The case was tried on September 29 and the District Court jury awarded plaintiff the sum of $790. Defendants have appealed.

Two errors are assigned by appellants: 1. Appellee had no compensable interest in the property. 2. Appellee received a rebate of rent and was estopped to claim any damage.

We hold plaintiff had no compensable interest in the property on March 30, 1959. We regret plaintiff did not realize his lease would not run indefinitely, but we cannot ignore clear and unambiguous terms of a written document, duly signed by all parties.

In Pearson v. Howell, 184 Iowa 990, 995, 169 N.W. 368, 369, this court said: "* * * but the court is powerless to relieve against the plain, unambiguous provisions of the contract."

As to this axiomatic provision of law, see also Heard v. Nancolas, 187 Iowa 1045, 175 N.W. 13; City of Des Moines v. City of West Des Moines, 244 Iowa 310, 56 N.W.2d 904.

According to the agreement signed by plaintiff, all his rights in and to the property expired March 12, 1959. Under the lease, and notices duly served, he had until that date to remove his buildings. He failed to do so.

The public hearing with reference to extension of Interstate Highway No. 29 had been held long before. A large amount of time was consumed in litigation and delays, and the time had come when defendant had to have the property in that area. Condemnation became imperative in order to proceed with an important public improvement.

The question of whether or not under the circumstances here presented plaintiff suffered compensable damages has not heretofore been directly before this court.

By analogy we find some help in our recent case of Lehman v. Iowa State Highway Commission, 251 Iowa 77, 84, 99 N.W.2d 404, 408. Plaintiff was claiming right of compensation in a condemnation action for loss of an access road to new U. S. Highway 6. It was denied in the following language: "Allowance of compensation for something not taken would amount to a gift which the State has neither the obligation nor the right to make."

Also as a matter of analogy only—In Batcheller v. Iowa State Highway Commission, 251 Iowa 364, 368, 101 N.W.2d 30, 33, we said: "Nor may the courts require defendant to pay or disburse public funds without statutory authority." When a condemnee has no compensable rights the Highway Commission is unauthorized to disburse public money to him, and we are precluded from so ordering.

We must look to a sister state (Minnesota) for a precedent bearing directly on the question before us: The case is State v. Pahl, 257 Minn. 177, 100 N.W.2d 724, 728. Le Grand H. Lull rented a property located at 7716 Cedar Avenue South, in Richfield, Minnesota, for one year from January 1, 1955. Lull had an option for one year extension, which he exercised. His lease therefore expired December 31, 1956.

Under condemnation by the State the commissioners refused on February 15, 1957, to make any award to Lull, the tenant. He appealed to the District Court, where his appeal was dis-

missed. On appeal to the Supreme Court it said: "From the foregoing it follows that Lull can claim compensation from the State in these proceedings only if he owned a compensable interest in the premises described on February 15, 1957, the date the commissioners' award was filed. The record before us clearly indicates that he failed to establish any such interest as of that date."

In the case at bar plaintiff failed to establish a compensable interest on March 30, 1959.

■ Appellee's principal argument is that when appellants failed to pursue their ouster action, and filed application for condemnation, they selected this procedure and were committed to it. He claims the only question in the case was the amount of the award, and the jury having fixed such amount it became a finality.

The error in this reasoning is that it avoids the fundamental question. Did plaintiff have any compensable rights on March 30, 1959?

We have already answered this question in the negative. Plaintiff's position looks only to the form and not to the substance of the matter. Suffice to add that compensable rights are not created by procedure. Whatever the procedure, such rights are either present or not present. In this case, not present.

■ There is another element involved. If a condemnee has no compensable rights the Highway Commission has no authority to make payment of public money to him. Lehman v. Iowa State Highway Commission, supra. We emphasize the quotation heretofore made from the Lehman case, as to that question.

Appellee urges the case of Batcheller v. Iowa State Highway Commission, supra, in support of his position. The facts are not similar to the instant case. Plaintiff leased property on both sides of a road. Defendant condemned the fee to the tract south of the road. The Highway Commission threatened to terminate the tenancy as to the portion covered by the lease south of the road only. We affirmed injunction stopping such procedure, holding that if the lease is to be terminated it must either include all property covered by the lease, or condemnation of the leasehold interest must be instituted for payment

of difference in value before and after taking. The complete lease had not been terminated, as in the case at bar.

In view of above conclusion, consideration of appellants' second assignment of error is unnecessary.

The case is reversed, with instructions to the trial court to sustain defendants' motion for directed verdict.—Reversed.

All JUSTICES concur except BLISS, J., not sitting.