**Terry LANGSTRAAT and Timothy Langstraat, Minors, by Richard P. Langstraat, Their Father, Appellants,**

v.

**MIDWEST MUTUAL INSURANCE COMPANY, Appellee.**

No. 2–56365.

Supreme Court of Iowa.

April 24, 1974.

Joe P. Crookham, Oskaloosa, for appellants.

Joseph A. Billings, Des Moines, for appellee.

Heard before MOORE, C. J. and MASON, LeGRAND, REYNOLDSON and HARRIS, JJ.

LeGRAND, Justice.

This case presents for the first time the question whether a minor may avoid his written rejection of uninsured motorist coverage because of his minority. Upon defendant's application for summary judgment, this issue was resolved against plaintiffs. We affirm that judgment.

Since 1967, our law has required that every policy of automobile or motor vehicle liability insurance include coverage for the protection of the purchaser of such insurance for "bodily injury, sickness or disease,

including death" resulting from the negligence of the owner or operator of an uninsured motor vehicle or a hit-and-run motor vehicle. (§ 516A.1, The Code.)

The same code section permits the insured to refuse such coverage in the following manner:

"However, the named insured shall have the right to reject such coverage by written rejection signed by the named insured. If such rejection is made on a form or document furnished by an insurance company or insurance agent, it shall be on a separate sheet of paper which contains only such rejection and information directly related thereto. * * *"

In the instant case, this matter is here on the pleadings only. None of the procedures available under rule 237, Rules of Civil Procedure, were utilized for the production of additional information. The parties apparently agree summary judgment is a proper remedy and that it disposes of the entire case.

The petition was filed by Richard P. Langstraat as father of his two minor sons, Terry Langstraat, 17 years of age, and Timothy Langstraat, 13 years of age. For convenience we refer to Terry Langstraat as though he were the sole plaintiff. Plaintiff owned a motorcycle which he insured against liability with defendant insurance company. In connection with this insurance, plaintiff signed what is designated as "Notice of Rejection of Uninsured Motorist Coverage." The rejection is here set out in full:

"The undersigned hereby states that he is aware that the Iowa statute requires that the uninsured motorist coverage be attached to every motor vehicle liability policy in this state, but hereby serves notice of rejection and does not desire to purchase uninsured motorist coverage from Midwest Mutual Insurance Company."

This notice was on a separate sheet of paper and was signed by plaintiff, as required by § 516A.1, The Code.

While this policy of insurance was in force, plaintiff was involved in an accident with another motorcycle owned and operated by Jack Welch, who was uninsured. Both plaintiff and his young brother sustained personal injuries for which they seek recovery from defendant company under the uninsured motorist clause which plaintiff says was part of the policy he purchased.

The issue is clearly drawn. Defendant admits it issued a policy of insurance covering plaintiff's motorcycle. Plaintiff admits he signed the notice of rejection heretofore set out. In reply to defendant's answer setting up the affirmative defense that plaintiff had rejected uninsured motorist coverage, plaintiff alleged his rejection was not a valid rejection under § 516A.1 because of his minority.

■ This is not a case in which a minor seeks to disaffirm a contract. He may, of course, do so under § 599.2, The Code. See also Martin v. Stewart Motor Sales, 247 Iowa 204, 207, 73 N.W.2d 1, 3 (1955). Such a course, however, would leave plaintiff with *no* insurance. What he seeks here, by whatever name it is called, is to retain the benefits of the policy but to avoid the one provision which has become burdensome. There is no rule permitting such a selective choice. Disaffirmance, if asserted, goes to the whole contract. Arnold v. Life Insurance Company of Georgia, 226 S.C. 60, 83 S.E.2d 553 (1954); Dickert v. Aetna Life Ins. Co., 176 S.C. 476, 180 S.E. 462, 465 (1935); Putman v. Deinhamer, 270 Wis. 157, 70 N.W.2d 652 (1955). See also 43 C.J.S. Infants § 73, page 164 (1945); 42 Am.Jur.2d Infants § 93, page 92 (1969).

■ Our conclusion that the trial court was right in finding for defendant is limited to the circumstances of this case. As

already mentioned, plaintiff relied solely on his minority to avoid the notice of rejection. He did not assert failure to understand what he signed; he did not claim defendant had a duty to explain uninsured motorist coverage to him; he did not allege fraud, misrepresentation, deceit or other artifice. The extent to which any of these circumstances might affect a rejection of the coverage offered under the statute—whether to infant or adult—is not now considered because it is not now here. We decide only that a written rejection of uninsured motorist coverage is not invalid on the sole ground the assured is a minor.

Plaintiff submits no authority which supports his view. Closely in point is the case of Lamb v. Midwest Mutual Insurance Company, 296 F.Supp. 131 (W.D. Ark.1969), aff'd, 421 F.2d 179 (8th Cir. 1970).

In that case the court considered the identical problem which now faces us. In an opinion later adopted by the 8th Circuit on appeal, the district court said:

"The Court sees nothing in the [Arkansas] statute which requires a minor to purchase uninsured motorist insurance if he does not want it, and certainly the Court sees nothing in the statute which requires an insurance company to provide uninsured motorist coverage gratis to a minor who has rejected the coverage and has paid nothing for such protection.

"When plaintiff applied to the defendant for liability insurance, the defendant was required under the statute to offer uninsured motorist coverage as well, and it did so. The plaintiff had an option either to reject the coverage or to accept it and pay for it. It was necessary, of course, for him to manifest his choice, and he did so by executing the rejection appearing in the application."

A similar result was reached in Holland v. Universal Underwriters Insurance Company, 270 Cal.App.2d 417, 75 Cal.Rptr. 669, 671, 672 (1969).

The court said at page 671:

"Plaintiff claims that, as a minor, he has the power to disaffirm the agreement deleting the uninsured motorist coverage * * *. Although the argument is couched in terms of disaffirmance, what it really amounts to is a contention that uninsured motorist coverage cannot be effectively deleted from a policy issued to a minor: if plaintiff is correct, what minor would fail to disaffirm after an accident with an uninsured motorist?"

At page 672 of that opinion this appears:

"Frankly, we are not impressed [by plaintiff's arguments]. It is one thing to say that he who affirmatively deals with a minor, does so at his peril * * *. It is something else to announce that one who thinks he has not made a contract with a minor, may suddenly find that he has done so after all.

"Plaintiff purchased liability insurance without uninsured motorist coverage. There is no rule which says that because he is a minor he can suddenly claim to have bought more than he actually did."

As bearing on this problem generally, although not decided directly on the issue here involved, see Lopez v. Midwest Mutual Insurance Company (Fla.App.1969), 223 So.2d 550, 552. Of general interest, too, is an annotation at 55 A.L.R.3d 216 (1974).

We believe plaintiff's present claim is controlled by the above authorities and the rationale used by the courts in those cases. The trial court correctly held plaintiff's written rejection of uninsured motorist coverage was not invalid because of his minority.

Affirmed.