LUTIEN and others, Appellants, vs. CITY OF KEWAUNEE and others, Respondents.

*December 11, 1912—January 7, 1913.*

*Appeal: Law of the case: Subsequent appeals: Judgment: Conclusiveness: Scope: Municipal corporations: Annexation of territory.*

1. All mere questions of law involved in a former appeal, whether thought of and argued by counsel or not, were foreclosed by the decision of that appeal.

2. A judgment is as conclusive as to minor questions which would have turned the result either way according to their determination, even though they were only inferentially presented, as it is upon the major or ultimate proposition involved.

3. In an action to declare invalid the proceeding by which a city annexed certain territory under the general charter law, a judgment dismissing the complaint was affirmed on a former appeal upon the ground that the right to attack such proceeding was barred by limitation under sec. 925—21, Stats.; but the trial court was authorized to permit the case to be opened upon motion based upon an amended complaint showing facts sufficient to avoid the bar of the statute. *Held*, that the question of the constitutionality of the law under which the city acted and of the ordinance of annexation was involved in the former appeal and, for the case at least, was set at rest by that decision.

APPEAL from a judgment of the circuit court for Kewaunee county: MICHAEL KIRWAN, Circuit Judge. *Affirmed.*

The plaintiffs sought to obtain a judgment declaring invalid certain proceedings under the general city charter law extending the corporate limits of the city of *Kewaunee.*

Upon a trial, objection was made to any evidence under the complaint upon the ground of insufficiency. The objection was sustained and judgment of dismissal entered. On appeal the decision was affirmed. 143 Wis. 242, 126 N. W. 662, 127 N. W. 942. For a statement, in detail, of the facts upon which plaintiff relied, reference is had to the report of such appeal. The complaint disclosed that the right to question the validity of the proceedings attacked had been extinguished by expiration of the period limited therefor by the general charter law, sec. 925—21, Stats. (1898). Upon that ground the judgment was affirmed, subject to the right of the circuit court to permit the case to be opened upon motion based upon an amended complaint showing facts sufficient to avoid the bar of the statute. There was a motion for rehearing suggesting that the statute limiting the time for challenging the validity of the proceedings was unconstitutional. Various grounds for avoiding the statute were specified, and among them, that the preliminary publication required by sec. 925—19, Stats. (1898), was not given, or was improperly given. The motion was denied, it being suggested that if the publication was not made, as claimed, or if any matter of fact existed supposed by counsel for plaintiffs to be sufficient to avoid the bar of the statute, it should be made to appear by amended complaint, as indicated in the opinion and not be presented, originally, in this court as ground for a rehearing.

Thereafter an amended complaint was presented in the court below and issue as to its sufficiency was joined. It did not set forth any new facts, except that plaintiffs did not discover the town board had neglected and refused to cause the proceedings in question to be challenged as invalid within the statutory time, till after such time had expired; that they were led to believe such action would be taken; that the town officers were fraudulently induced to take the course which they did, and that within a reasonable time after knowledge

. thereof came to plaintiffs' attention they caused this action to be commenced.

The demurrer was sustained.

For the appellants there was a brief by *George W. Wing* and *Cady, Strehlow & Jaseph,* and oral argument by *Samuel H. Cady.*

For the respondents the cause was submitted on the brief of *Emil Seidenglanz* and *Nash & Nash.*

MARSHALL, J.   The judgment upon the former appeal foreclosed all questions as regards this case, except as to whether facts existed, rendering the statutory bar inapplicable.   No question of that kind was presented on the oral argument nor do we find any such discussed in the brief of counsel for appellants.   We are favored by a discussion of whether the general charter provision for extending the corporate limits of cities is valid, and of whether the ordinance closing the annexation proceedings is unconstitutional.   They are purely questions of law and not within the letter or spirit of the right saved to appellants upon the former appeal.

All mere questions of law which were involved in the case before, whether thought of by counsel and argued or not, were foreclosed by the decision.   A judgment is just as conclusive as to minor questions which would have turned the result either way according to their determination, as upon the major or ultimate proposition, whether more than inferentially presented or not.   *Wilcox v. Bates,* 45 Wis. 138; *McDonald v. State,* 80 Wis. 407, 50 N. W. 185; *Ean v. C., M. & St. P. R. Co.* 101 Wis. 166, 76 N. W. 329; *Rupiper v. Calloway,* 105 Wis. 4, 80 N. W. 916; *Priewe v. Wis. S. L. & I. Co.* 93 Wis. 534, 67 N. W. 918.   In the latter case it was held that a determination made here upon appeal, involving the sufficiency of a complaint, is conclusive between the parties to the action on all questions covered by it.   It is not necessary

that each particular minor question should be mentioned and specifically passed upon. The decision of the ultimate matter necessarily covers all, essentially, subsidiary elements so as to make the determination of the latter harmonize with the general result. It must be plain that the former decision here was wrong if the general charter law or any part thereof, vital to the annexation proceedings or the ordinance involved, is unconstitutional. Therefore, for the case at least, all such questions were set at rest by such decision.

*By the Court.*—Judgment affirmed.