Putman, Plaintiff and Appellant, vs. Deinhamer, by Guardian *ad litem,* Defendant and Appellant: Hartford Accident & Indemnity Company, Defendant and Respondent. [Three cases.]

*May 3—June 1, 1955.*

For the appellants other than Raymond Deinhamer there was a brief by *Frank E. Betz* and *Wilcox & Sullivan,* all of Eau Claire, and oral argument by *Mr. Betz* and *Mr. Francis J. Wilcox.*

For the appellant Raymond Deinhamer there was a brief and oral argument by *Marshall A. Wiley* of Chippewa Falls, guardian *ad litem.*

For the respondent Hartford Accident & Indemnity Company there were briefs by *Stafford, Pfiffner & Stafford* of Chippewa Falls, and oral argument by *Robert F. Pfiffner.*

BROWN, J.    Appellants' first proposition is that the policy provision giving the company the right to cancel at will by mailing notice to the assured and the lapse of at least five days after mailing, but without requirement that the notice must be received by or known to the assured, is void as against public policy. The cancellation provisions in the present policy are the same as in *Wisconsin Nat. Gas Co. v.*

*Employers Mut. L. Ins. Co.* (1953), 263 Wis. 633, 58
N. W. (2d) 424, where we recognized their validity. Appel-
lants say that the court was concerned then only with the form
of cancellation while now they attack the very existence of the
right of the company to cancel in the manner agreed upon.
The distinction between that case and this is ingenious,
though somewhat farfetched, and would, perhaps, show us a
way to avoid the authority of *Wisconsin Natural Gas Com-
pany* if we believed the cancellation right assumed there to
exist did not exist in fact. As far as we have discovered from
a search of the authorities, the insurer has been held to a strict
compliance with the policy terms of cancellation and a slight
deviation invalidates the notice sent and the attempted cancel-
lation. But we do not find from such authorities that when the
policy terms are as they are here, and there is no conflicting
statute, and the notice and its mailing complies with the policy
provisions, the courts have refused to recognize the cancella-
tion. In the absence of statutory declarations there appears to
be no public policy removing the right to cancel in this man-
ner from the field of contract. By sec. 204.30, Stats., the
legislature has already modified the freedom of parties to
contract in respect to liability insurance policies. These statu-
tory restrictions are declarations of public policy and they do
not include the principle now advocated by appellants. The
provision in question is common in liability policies. We re-
frain from entering the legislative field to declare it void.

Appellants submit that the contract lacks mutuality, in
that cancellation is attempted when the assured's part of the
agreement is fully performed (by his payment of premium)
while the company's is wholly executory until an accident
occurs. That the contract has been fully executed by the as-
sured is not quite so; other obligations on his part arise upon
the occurrence of an accident, such as reporting the accident
and co-operating in the defense. Nor is it true that there is no
performance by the company until there is an accident. As

soon as the risk attached, the company began to perform and thereby to earn its premium. *Wisconsin Nat. Gas Co. v. Employers Mut. L. Ins. Co., supra,* page 641. Upon cancellation by the company the assured has his unearned premium restored to him and till then he has had the protection for which he contracted. The cancellation clauses give reciprocal rights to the parties to end the contract when it appears to either of them to be expedient to do so. We find no lack of mutuality.

Noting that the notice of cancellation was dated March 28th, to become effective April 4th, and the unearned premium was not repaid to Deinhamer until April 14th, appellants contend that the return of the premium is a condition precedent to an effective cancellation by the company. This is quite inconsistent with the terms of the policy already quoted, that premium adjustment *may* be made at the time cancellation is effected and, if not then made, shall be made as soon as practicable *after* cancellation becomes effected. This clearly contemplates an effective cancellation prior to the return of the premium. Thereafter the insurer is indebted to its assured for the unearned premium but delay in payments does not operate to reinstate the policy. Surely, the company could not, by oversight or otherwise, fail to return the money and then, perhaps months later, when the assured, who may have secured other insurance, demands his refund, reply to him that the delay reinstated the policy,—continuing the company on the risk,—whereby the company had earned and may keep the money in its hands.

Appellant Deinhamer submits that his minority gives him advantages not available to the adult appellants in the well-established right of a minor to repudiate his contracts if they are not for necessities. Deinhamer does not, of course, attempt to repudiate the entire contract of insurance because that would remove coverage as effectually as cancellation

does. He only seeks to repudiate the cancellation provisions of paragraph 17 of the policy, retaining in force the remainder of the policy. His guardian *ad litem* made formal statement of that purpose to the trial court during the trial. The doctrine that a minor may disavow the parts of a contract which are disadvantageous to him but keep the rest of it alive for his benefit is a novel one. In support of it he cites *Chamberlain v. Employers' Liability Assur. Corp.* (1935), 289 Mass. 412, 194 N. E. 310; *Olson v. Veum* (1928), 197 Wis. 342, 222 N. W. 233; *Schoenung v. Gallet* (1931), 206 Wis. 52, 238 N. W. 852; *O'Rourke v. John Hancock Mutual Life Ins. Co.* (1902), 23 R. I. 457, 50 Atl. 834; *Bensinger v. West* (Ky. 1953), 255 S. W. (2d) 29, 35 A. L. R. (2d) 1296. We have read the cases and do not consider that they sustain the proposition. What little authority there is in this state is against the minor's contention. *Roeder v. Simonson* (1923), 180 Wis. 155, 160, 192 N. W. 477, held that a minor's attempt to rescind an agreement in part was not effective. We said: "It may be conceded that the agreement of settlement made in the fall was voidable, but it does not follow that it could be only partially rescinded." This case is cited by 1 Williston, Contracts (rev. ed.), p. 698, sec. 236, to the proposition that a settlement of a series of transactions or a partition agreement cannot be partially disaffirmed by a minor, and Williston continues: "If he [the minor] enters into any contract subject to conditions or stipulations, he cannot take the benefit of the contract without the burden of the conditions or stipulations."

We conclude that the policy provisions for cancellation are valid matters of contract between the parties which cannot be disaffirmed even by a minor who affirms the coverage provided by other parts of the policy.

The next question is whether Hartford successfully exercised its right to terminate the contract by mailing a notice

of cancellation in accordance with the terms of the policy. Appellants contend that Hartford failed to produce proof of such mailing and, particularly, that the trial court committed prejudicial error in admitting testimony of the office routine respecting the preparation and mailing of cancellation notices before a sufficient foundation was laid for such testimony. The order of proof is largely in the discretion of the trial court which may receive proof out of order subject to be connected by later evidence. We find no error committed in this respect. Appellants say that courts are generally reluctant to accept proof of custom for proof of fact unless the witness is first able to testify that he has independent recollection that he complied with the custom. We have trouble following this argument, for if the witness can testify from independent recollection that he followed the custom,—in this matter, an independent recollection that the notice was prepared and mailed,—we see no occasion to resort to custom, considering evidence of custom would be immaterial in view of the witness' actual recollection of what he did.

Hartford's employee who directed the notice to be prepared and sent, the employee who prepared the notice and the envelope in which it was to be mailed, and the employee who inserted the notice, stamped and sealed the envelope and delivered it to the mail clerk in the post office, all testified that they performed such acts, basing their testimony on the records of such actions which they made and which were kept respecting this policy in regular performance of their respective duties. The records consisted of carbon copies of the notice, memoranda made at the time and, particularly, the receipt of the post-office clerk that on March 28, 1952, he received from the witness, White, then testifying, a piece of ordinary mail, sent by Hartford with postage prepaid, addressed to Deinhamer at Route 3, Cadott, Wisconsin. We

consider that the evidence was competent, it was believable, and it is sufficient to support the jury's verdict that the notice was mailed. In *Frank v. Metropolitan Life Ins. Co.* (1938), 227 Wis. 613, 277 N. W. 643, evidence of mailing was deemed insufficient because there was no testimony as to what happened to the notice after it was prepared for mailing. Here the Hartford's mailboy, White, testified that he put the notice in the envelope and delivered it to the clerk in the post office. His testimony was substantiated by the clerk's receipt. The element missing in the *Frank Case* is not missing here.

We conclude that the evidence sustains the verdict and that the policy was canceled before the accident occurred, in accordance with a right reserved to Hartford by its policy. Therefore, the judgment must be affirmed.

At the time of the accident and the trial Deinhamer was a minor and appeared by guardian *ad litem*. He became twenty-one on June 11, 1954. No notice of his coming of age was taken until after the guardian *ad litem* had appealed, which was on December 17, 1954. Respondent moved to dismiss the appeal of Deinhamer because of several questions raised by the fact that, although he came of age before the appeal was taken, it was taken not by him but by his guardian *ad litem*. The questions are extremely interesting but they do not affect the appeal of the adult plaintiffs and they determine that Deinhamer's appeal must fail also on the merits. This renders moot all questions concerning the procedure by which his appeal was taken.

*By the Court.*—Judgment affirmed.