PER CURIAM.
¶1 This case is before us for the third time. It involves an ongoing dispute between James Swiderski and his father, Alex Swiderski, regarding the redemption of James' shares of Swiderski Equipment, Inc.
¶2 In our most recent decision, we affirmed the circuit court's conclusion that an appraisal of Swiderski Equipment discussed in the parties' corporate redemption agreement (CRA) should be performed by Mark Hanson, an employee of Schenck, S.C., Swiderski Equipment's accounting firm. Swiderski Equip., Inc. v. Swiderski , No. 2016AP700, unpublished slip op., ¶¶ 3, 14, 23 (WI App Feb. 14, 2017) (Swiderski II ). However, we concluded the court had erred by directing Hanson to conclusively presume, based on a jury verdict in a separate case, that Alex's compensation as president of Swiderski Equipment was not excessive. Id. , ¶¶ 3, 24. We therefore reversed in part and remanded for a new appraisal. Id. , ¶ 3. Based on James' other arguments, we provided specific directions regarding how certain additional issues should be addressed during the new appraisal. Id. , ¶ 4.
¶3 On remand, Hanson issued a new valuation report (the Second Appraisal). Swiderski Equipment and Alex[1] moved the circuit court to approve the Second Appraisal, and the court granted their motion. James now appeals, arguing: (1) the court misinterpreted our mandate in Swiderski II as preventing the court from rejecting the Second Appraisal, which was fundamentally flawed; (2) WISCONSIN STAT. § 907.02 (2015-16)[2] -pertaining to the admissibility of expert testimony-applies to the Second Appraisal, and the court should have therefore held a hearing to determine whether the Second Appraisal complied with that statute and may properly be relied upon to value Swiderski Equipment; and (3) this court should exercise its inherent authority to ensure that the Second Appraisal is fair and was properly performed. We reject each of James' arguments and affirm the order approving the Second Appraisal.
BACKGROUND
¶4 The factual background and procedural history of this case are somewhat complex, and are set forth in greater detail in our two previous opinions. See Swiderski Equip., Inc. v. Swiderski , No. 2013AP1545, unpublished slip op., ¶¶ 2-8 (WI App May 6, 2014) (Swiderski I ); Swiderski II , No. 2016AP700, ¶¶ 5-13. We limit our discussion here to the facts that are relevant to the issues raised in the present appeal.
¶5 Alex is the majority shareholder, president, and sole director of Swiderski Equipment. Swiderski II , No. 2016AP700, ¶ 5. James worked for Swiderski Equipment and became its only minority shareholder in December 1986. Id. He ceased employment with the corporation in 2008. Id. , ¶ 6. As a result, the CRA gave Swiderski Equipment the option to purchase James' shares in the corporation. Id. The CRA also delineated the process by which the value of those shares would be determined. Id.
¶6 In September 2008, Swiderski Equipment filed the instant lawsuit seeking to enforce the CRA. Id. , ¶ 7. James subsequently requested a share revaluation, pursuant to the process set forth in the CRA. Id. , ¶ 8. Swiderski Equipment refused, asserting the CRA provided that the share price was locked at $1000 per share. Id. Swiderski Equipment later notified James that it was exercising its right under the CRA to redeem his 510 shares and tendered a check for $510,000. Id. James conceded Swiderski Equipment had a right to purchase his shares, but he disputed their value. Id. The circuit court agreed with Swiderski Equipment that the value of James' stock was $1000 per share. Id. , ¶ 9. James appealed, and we reversed, concluding the CRA required a revaluation of James' shares. Swiderski I , No. 2013AP1545, ¶ 20.
¶7 On remand, the circuit court determined that Mark Hanson, an employee of Swiderski Equipment's accounting firm, Schenck, S.C., should perform the revaluation of James' Swiderski Equipment stock. Swiderski II , No. 2016AP700, ¶¶ 10-11. Hanson subsequently opined that James' 510 shares were worth $615,000. Id. , ¶ 12. Consistent with Hanson's appraisal, the court ordered Swiderski Equipment to pay James $105,000-the difference between Hanson's valuation and the $510,000 Swiderski Equipment had already paid James. Id. James appealed, arguing: (1) the circuit court erred by determining that Hanson should perform the appraisal; (2) the court erroneously directed Hanson to "conclusively presume" that Alex's compensation was not excessive; (3) Hanson erred by valuing only James' interest in Swiderski Equipment, rather than the corporation as a whole; (4) Hanson erred by applying a minority discount; and (5) Hanson erred by applying a marketability discount.[3] Id. , ¶¶ 14, 24, 38-39, 41.
¶8 With respect to James' first argument, we concluded the circuit court properly interpreted the CRA when it appointed Hanson to conduct the appraisal. Id. , ¶ 17. We therefore affirmed that aspect of the court's decision. Id. , ¶ 23. However, we agreed with James that the court had erred by directing Hanson to presume that Alex's compensation was not excessive. Id. , ¶ 36. We therefore reversed in part and remanded "for Hanson to conduct a new appraisal, in which he must independently determine whether the disputed compensation was excessive and, if so, how that fact should impact the valuation." Id.
¶9 Although we reversed in part and remanded for a new appraisal on the grounds discussed above, we nevertheless chose to address James' remaining arguments, in the interest of judicial efficiency. Id. , ¶ 37. First, we agreed with James that Hanson had erred by valuing James' interest alone, instead of the entire corporation. Id. , ¶ 38. We therefore held that, "on remand, Hanson must determine the value of Swiderski Equipment as a whole, rather than the value of James' minority interest." Id. Second, we agreed with James that Hanson had erred by applying a minority discount, and we held that, on remand, "Hanson may not employ a minority discount when valuing Swiderski Equipment."Id. , ¶ 40. Third, we rejected James' argument that Hanson had erred by applying a marketability discount. Id. , ¶ 41. We stated, "On remand, Hanson may independently determine whether to apply a marketability discount when conducting the new appraisal of Swiderski Equipment." Id.
¶10 On remand, Hanson completed the Second Appraisal, in which he determined that Swiderski Equipment as a whole was worth $1,809,977. Hanson therefore concluded James' thirty-four percent interest in Swiderski Equipment was worth approximately $615,000-the same valuation he had reached in the prior appraisal. Swiderski Equipment moved the circuit court to approve the Second Appraisal. James opposed that motion and instead argued the court should reject the Second Appraisal because it did not comply with the Daubert[4] standard for admissibility of expert testimony, as codified in WIS. STAT. § 907.02. He asked the court to hold a hearing "on whether [Hanson] has properly applied the necessary facts to reliable principles and methods for the purpose of valuing an agricultural implement dealership business."
¶11 After additional submissions by the parties, and a judicial substitution, the circuit court entered an order approving the Second Appraisal and adopting Hanson's conclusion that James' shares of Swiderski Equipment were worth $615,000. Because James had already been paid $615,000 for his shares, the court determined Swiderski Equipment did not owe him any additional money. The court also ruled that WIS. STAT. § 907.02 was inapplicable under the circumstances, but even if it did apply, the Second Appraisal complied with that statute. James now appeals the order approving the Second Appraisal.
DISCUSSION
I. The circuit court properly interpreted our mandate in Swiderski II , and James has forfeited his newly raised objections to the Second Appraisal.
¶12 James first argues on appeal that the circuit court misinterpreted our mandate in Swiderski II "as preventing it from having discretion to assure a fair, accurate, professional and unbiased valuation." (Capitalization omitted.) He then argues, for various reasons, that the Second Appraisal was "[f]undamentally [f]lawed" and the circuit court should have therefore exercised its discretion to reject the Second Appraisal.
¶13 We agree with Swiderski Equipment that the circuit court correctly interpreted our mandate from Swiderski II and properly determined that the Second Appraisal complied with that mandate.[5] In Swiderski II , we reversed in part and remanded for Hanson to reappraise Swiderski Equipment. Swiderski II , No. 2016AP700, ¶ 3. We gave four specific directions regarding the reappraisal: (1) Hanson was to independently determine whether Alex's compensation was reasonable; (2) he was to value the entire corporation, rather than James' minority interest; (3) he could not employ a minority discount; and (4) he was to independently determine whether to apply a marketability discount. Id. , ¶¶ 3-4. James does not argue that Hanson failed to comply with any of these directions when preparing the Second Appraisal; to the contrary, the record demonstrates that he did. The circuit court therefore properly determined that the Second Appraisal complied with our mandate in Swiderski II .
¶14 Rather than arguing that the Second Appraisal failed to comply with our mandate in Swiderski II , James contends the Second Appraisal was fundamentally flawed for different reasons. Specifically, he argues Hanson erred in performing the Second Appraisal by: (1) failing to determine the fair market value of Swiderski Equipment's assets; (2) failing to use readily available reports to determine the fair market value of parts owned by Swiderski Equipment; (3) failing to adjust the net asset value of used equipment; and (4) including a note from Swiderski Equipment to Alex as a liability, even though Alex had previously averred that he did not plan to enforce the note. James contends that, regardless of which valuation method an appraiser ultimately selects, the appraiser must establish "[a]n accurate fair market value for all assets." In light of these alleged fundamental flaws, James argues the circuit court should have exercised its discretion to reject the Second Appraisal. He argues the court had discretion to do so because we did not address these issues in Swiderski II , and a circuit court "may determine any matters left open by the higher court as long as the determination is not inconsistent with the higher court's mandate." See Tietsworth v. Harley-Davidson, Inc. , 2007 WI 97, ¶ 53, 303 Wis. 2d 94, 735 N.W.2d 418 (emphasis omitted).
¶15 James fails to acknowledge, however, that the reason we did not address the "fundamental flaws" discussed above in Swiderski II was that James did not raise those arguments in his prior appeal. As Swiderski Equipment notes-and James does not dispute-the criticisms James now raises regarding the Second Appraisal were equally applicable to Hanson's first appraisal. James could therefore have raised these criticisms in Swiderski II , and he does not provide any explanation for his failure to do so.
¶16 Long ago, our supreme court held that questions of law that could have been raised in a prior appeal, "whether thought of by counsel and argued or not," are "foreclosed" by an appellate court's prior decision. Lutien v. City of Kewaunee , 151 Wis. 607, 609, 139 N.W. 312 (1913). The court has also explained that, in the interest of preventing lawsuits from being "strung along by successive appeals for years," an appellate litigant "is concluded by the mandate of this court as to all matters actually presented or which might consistently with legal rules have been presented to this court upon appeal." Monahan v. Fairbanks-Morse Mfg. Co. , 150 Wis. 512, 515-16, 137 N.W. 748 (1912). We therefore conclude that, by failing to raise any arguments in Swiderski II regarding the "fundamental flaws" discussed above, James forfeited his right to raise those arguments in the present appeal.[6] As such, we reject James' argument that the circuit court should have refused to approve the Second Appraisal based on James' newly raised "fundamental flaws."
II. James has forfeited his arguments regarding WIS. STAT. § 907.02.
¶17 WISCONSIN STAT. § 907.02(1) provides that expert testimony is admissible only if it "is based upon sufficient facts or data, the testimony is the product of reliable principles and methods, and the witness has applied the principles and methods reliably to the facts of the case." Stated differently, the statute requires a circuit court to make a "threshold determination" when ruling on the admissibility of expert testimony "as to whether the evidence is reliable enough to go to the factfinder." State v. Jones , 2018 WI 44, ¶ 32, 381 Wis. 2d 284, 911 N.W.2d 97. Based on the "fundamental flaws" discussed above-and on affidavits submitted by two other appraisers-James contends the Second Appraisal fails to meet the reliability threshold set forth in § 907.02(1).
¶18 We understand James' WIS. STAT. § 907.02 challenge in this appeal relates to the methodology used by Hanson in performing the Second Appraisal, rather than to the choice of appraiser, which was at issue in Swiderski II . Regardless of whether § 907.02 is applicable, we nevertheless conclude again that James has forfeited his arguments regarding that statute. Hanson used the same methodology to value Swiderski Equipment when preparing the first appraisal as he did when performing the Second Appraisal. Consequently, each of the arguments regarding § 907.02 that James raises in the instant appeal with respect to the Second Appraisal could have been raised during the circuit court proceedings regarding Hanson's first appraisal and during the subsequent appellate proceedings in Swiderski II . Because James could have raised his § 907.02 arguments previously, but failed to do so, he cannot now raise them in the present appeal. See Lutien , 151 Wis. at 609.
III. There is no basis for this court to exercise its inherent authority to reject the Second Appraisal.
¶19 Finally, James argues this court has the "[i]nherent [d]iscretion" to ensure that the Second Appraisal is fair and was properly performed. We reject this argument for three reasons.
¶20 First, the only cases James cites in support of his argument regarding our "[i]nherent [d]iscretion" pertain to the equitable authority of circuit courts. We need not address arguments that are undeveloped or unsupported by references to legal authority. See State v. Pettit , 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992). Second, James' contention that we should independently review and reject the Second Appraisal ignores the fact that we have already concluded all of his arguments regarding the Second Appraisal either fail on the merits or are forfeited. Third, while James asserts equitable relief is warranted because Swiderski Equipment breached its implied duty of good faith and fair dealing under the CRA, our review of the record indicates that James did not raise that argument in the circuit court. We need not address arguments raised for the first time on appeal. See A.O. Smith Corp. v. Allstate Ins. Cos. , 222 Wis. 2d 475, 492, 588 N.W.2d 285 (Ct. App. 1998) ; see also State v. Caban , 210 Wis. 2d 597, 604, 563 N.W.2d 501 (1997) (stating the party that raises an issue on appeal "has the burden of establishing, by reference to the record, that the issue was raised before the circuit court"). For these reasons, we decline James' invitation to independently review and reject the Second Appraisal.
By the Court. -Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

For the remainder of this opinion, when referring to actions taken or arguments made in the instant lawsuit by both Swiderski Equipment and Alex, we refer to them collectively as "Swiderski Equipment."

All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

James also raised an argument regarding prejudgment interest, which is not relevant to the issues raised in the instant appeal. See Swiderski Equip., Inc. v. Swiderski , No. 2016AP700, unpublished slip op., ¶ 42 (WI App Feb. 14, 2017) (Swiderski II ).

See Daubert v. Merrell Dow Pharm., Inc. , 509 U.S. 579 (1993).

The interpretation of our own mandate is a question of law that we review independently. See Tietsworth v. Harley-Davidson, Inc. , 2007 WI 97, ¶ 22, 303 Wis. 2d 94, 735 N.W.2d 418.

Whether a party has forfeited an argument is a question of law that we review independently. See City of Eau Claire v. Booth , 2016 WI 65, ¶ 6, 370 Wis. 2d 595, 882 N.W.2d 738.