COURT OF APPEALS
DECISION
DATED AND FILED

November 19, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP814**

Cir. Ct. No. 2019TP186

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

IN RE THE TERMINATION OF PARENTAL RIGHTS TO M.S., A PERSON UNDER THE AGE OF 18:

M.S.,

PETITIONER-RESPONDENT,

V.

R.F.,

RESPONDENT-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County: JOSEPH R. WALL, Judge. *Affirmed.*

¶1     WHITE, C.J.[1]  Richard appeals the circuit court's order[2] denying his motion for reconsideration of orders granting Michelle relief from the voluntary termination of her parental rights and denying Richard's motion for sole legal custody and placement of Morgan.[3]  Richard argues that Michelle has no right to continue to pursue the termination of his parental rights because Michelle lost her standing by voluntarily terminating her parental rights prior to his previous appeal and that WIS. STAT. § 48.46 prohibited the court from granting her relief so that she would maintain her standing post-remand.[4]  For the following reasons, we affirm the order of the circuit court.

## BACKGROUND

¶2     Richard and Michelle wanted to have a child and around December 2018, Michelle became pregnant with Morgan.  During Michelle's pregnancy, Richard's and Michelle's relationship deteriorated, culminating in a domestic abuse injunction against Richard in May 2019, which prohibited Richard from having contact with Michelle for four years.  Michelle described Richard's

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] This court granted leave to appeal the order.  *See* WIS. STAT. RULE 809.50(3).

[3] For ease of reading, we refer to the individuals in this confidential matter using pseudonyms.  *See* WIS. STAT. RULE 809.19(1)(g).

[4] To the extent that Richard also argues that Michelle did not have standing to participate in *M.K.S. v. R.J.F.*, No. 2021AP1839, unpublished slip op. (WI App Aug. 16, 2022), we note that Richard failed to raise this issue before this court in the prior appeal, and is foreclosed from raising it now.  *See Olson v. Hardware Dealers Mut. Fire Ins. Co.*, 45 Wis. 2d 569, 579, 173 N.W.2d 599 (1970) (explaining that questions of law that could have been raised in a prior appeal, "whether thought of by counsel and argued or not," are "foreclosed" by an appellate court's prior decision (citing *Lutien v. City of Kewaunee*, 151 Wis. 607, 609, 139 N.W. 312 (1913)).

2

behavior toward her as "violent" and "very emotionally abusive[.]" Michelle subsequently contacted an adoption agency and located a couple in Alabama to adopt Morgan after her birth.

¶3    In September 2019, Morgan was born and placed with the prospective adoptive parents in Alabama and has remained there throughout the court proceedings. Shortly after Morgan's birth, Michelle filed a petition to terminate Richard's parental rights on the ground that he failed to assume parental responsibility. *See* WIS. STAT. § 48.415(6). At the hearing on the petition Michelle explained that she was also interested in voluntarily terminating her parental rights, but only if Richard's rights were also terminated.

¶4    In June 2021, the case proceeded to a jury trial to determine whether there were grounds to terminate Richard's parental rights.[5] The jury found that Richard failed to assume parental responsibility. The circuit court accepted the jury's verdict and found Richard unfit pursuant to WIS. STAT. § 48.424(4). The case moved to the dispositional phase where the court ultimately found that the termination of Richard's parental rights was in Morgan's best interests. In order to proceed with Morgan's adoption, Michelle then voluntarily consented to the termination of her parental rights.

¶5    Richard filed postdisposition motions in which he argued that he received ineffective assistance of counsel, that WIS. STAT. § 48.415(6)(a) was

---

[5] The Honorable Gwendolyn G. Connolly presided over the hearing on the petition. The Honorable Marshall B. Murray presided over the jury trial, entered the orders terminating Richard's and Michelle's parental rights, and denied Richard's postdisposition motions. The Honorable Joseph R. Wall entered the orders granting Michelle relief from the termination of her parental rights, and denying Richard's motion for sole legal custody and placement, and the order denying Richard's motion to reconsider those two orders.

unconstitutional as applied to him, and that he is entitled to postdisposition discovery of adoption records. The circuit court held a *Machner*[6] hearing and subsequently denied Richard's motions.

¶6 Richard appealed. In *M.K.S. v. R.J.F.*, No. 2021AP1839, unpublished slip op. (WI App Aug. 16, 2022), this court concluded that Richard received ineffective assistance of counsel during the grounds phase, reversed the circuit court's order terminating Richard's parental rights, and remanded the cause for a new fact-finding hearing to determine whether grounds exist for the termination of Richard's parental rights, and for a new dispositional hearing if necessary.

¶7 After remand, Richard filed a motion to dismiss which the circuit court denied as untimely under WIS. STAT. § 48.297(2). Richard also filed a motion for sole legal custody and placement in which he argued that Michelle no longer had standing to continue pursuing the termination of Richard's parental rights because she voluntarily terminated her parental rights. In response, Michelle moved the court to restore her parental rights pursuant to WIS. STAT. § 806.07(1)(f) and (g). The circuit court informed the parties that it was considering granting Michelle relief under § 806.07(1)(h) on its own motion instead, and allowed all parties to file a response if they wished. The circuit court then denied both Richard's and Michelle's motions and granted Michelle relief pursuant to § 806.07(1)(h).

---

[6] *State v. Machner*, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

¶8 The circuit court explained that Michelle's motion for relief pursuant to WIS. STAT. § 806.07(1)(f) was untimely under WIS. STAT. § 48.46(2) and that § 48.46(2) bars Michelle from seeking relief under § 806.07(1)(g). The court then, on its own motion, granted Michelle relief from the termination of her parental rights under § 806.07(1)(h). In doing so the court adopted the analysis of Morgan's guardian *ad litem* (GAL) that extraordinary circumstances justified relief due to the unique factual situation that triggered the question of whether Michelle maintained standing post-remand. The court discussed how the circumstances in this case are novel, and that the underlying questions of whether Richard failed to assume parental responsibility and whether it is in Morgan's best interests to terminate Richard's parental rights should be heard on the merits. Consequently the court found that Michelle had standing and denied Richard's motion for sole legal custody and placement.

¶9 Richard then moved the circuit court to reconsider its orders arguing that the court lacked competency because the orders were contrary to the procedure outlined in WIS. STAT. ch. 48, that the circuit court erroneously exercised its discretion by granting equitable relief when Michelle had adequate legal remedies, and that extraordinary circumstances were not present to warrant relief. The circuit court invited Morgan's GAL and Michelle and to each file four-page responses to Richard's motion. Richard then filed a reply. The circuit court declined to consider Richard's reply because it had not allowed for Richard to submit one, and then denied Richard's motion.

¶10 Richard petitioned this court for leave to appeal the circuit court's order which this court granted.

**DISCUSSION**

¶11    Richard argues that the circuit court erred by granting Michelle relief from the order terminating her parental rights under WIS. STAT. § 806.07(1)(h) because the relief available under WIS. STAT. § 48.46(2) is restricted to only those reasons listed under § 806.07(1)(a)-(d), and (f).  Michelle and Morgan's GAL argue that § 48.46(2) only limits the motions for relief brought by a parent and does not affect what relief the court may grant on its own motion in extraordinary circumstances.  We agree with Michelle and the GAL.

¶12    We review questions of statutory construction *de novo*.  ***State v. Setagord***, 211 Wis. 2d 397, 405-06, 565 N.W.2d 506 (1997).  "[S]tatutory interpretation 'begins with the language of the statute.'"  ***State ex rel. Kalal v. Circuit Ct. for Dane Cnty.***, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110 (citation omitted).  "Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning."  ***Id.***  "Where statutory language is unambiguous, there is no need to consult extrinsic sources of interpretation, such as legislative history."  ***Id.***, ¶46.

¶13    "Parental rights termination proceedings under Chapter 48 are civil proceedings[.]"  ***Steven V. v. Kelley H.***, 2004 WI 47, ¶32, 271 Wis. 2d 1, 678 N.W.2d 856.  In civil proceedings, the circuit court may relieve a party from a judgment or order for the reasons listed in WIS. STAT. § 806.07(1).  "The relief that may be accorded under [] § 806.07 need not be sought by one of the parties; a court may act on its own motion pursuant to § 806.07, as long as the court provides the parties notice of its action and an opportunity to be heard."  ***Larry v. Harris***, 2008 WI 81, ¶20, 311 Wis. 2d 326, 752 N.W.2d 279.

¶14    WISCONSIN STAT. § 48.46(2) provides:

> *A parent* who has consented to the termination of his or her parental rights under [WIS. STAT. § 48.41] or who did not contest the petition initiating the proceeding in which his or her parental rights were terminated may move the court for relief from the judgment on any of the grounds specified in § 806.07(1)(a), (b), (c), (d) or (f). *Any such motion* shall be filed within [thirty] days after the entry of the judgment or order terminating parental rights[.]

(Emphasis added.)  The plain language of § 48.46(2) only qualifies the type of relief that may be sought by "a parent," this statute does not restrict the court from acting on its own motion. *See* ***Larry***, 311 Wis. 2d 326, ¶24.  Similarly, the thirty-day deadline only applies to those motions brought by a parent because § 48.46(2) specifies that this deadline applies to "any such motion," referring back to the motions that may be brought by a parent, instead of applying the deadline to any motion for relief.[7]  Therefore, we conclude that § 48.46(2) does not bar the circuit court from granting relief on its own motion pursuant to WIS. STAT. § 806.07(1)(h).[8]

¶15    Richard also argues that the circuit court erred when it applied WIS. STAT. § 806.07(1)(h) because extraordinary circumstances are not present to justify granting relief over preserving the finality of the decision.

---

[7] Richard does not dispute that the circuit court's motion was brought within "a reasonable time" pursuant to WIS. STAT. § 806.07(2).

[8] Due to our conclusion that WIS. STAT. § 48.46 does not bar the circuit court from granting relief on its own motion, we need not consider Richard's arguments that the court cannot grant equitable relief in the face of a statutory bar or when there are other remedies at law. *See* ***State v. Blalock***, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989) ("[C]ases should be decided on the narrowest possible ground[.]").

¶16    Whether to grant relief under WIS. STAT. § 806.07(1)(h) is a decision within the discretion of the circuit court. *Sukala v. Heritage Mut. Ins. Co.*, 2005 WI 83, ¶8, 282 Wis. 2d 46, 698 N.W.2d 610.  "We will not reverse a discretionary determination by the [circuit] court if the record shows that discretion was in fact exercised and we can perceive a reasonable basis for the court's decision." *Id.* (citation omitted).  "[W]e generally look for reasons to sustain discretionary determinations." *Id.* (citations and internal quotation marks omitted).

¶17    "In exercising its discretion by determining whether it should grant relief from the judgment or stipulation, the circuit court should consider whether unique or extraordinary facts exist that are relevant to the competing interests of finality of judgments and relief from unjust judgments." *Id.*, ¶11.  "Unique and extraordinary circumstances are those where 'the sanctity of the final judgment is outweighed by the incessant command of the court's conscience that justice be done in light of *all* the facts.'" *Id.*, ¶12 (emphasis in original; citations omitted). WISCONSIN STAT. § 806.07(1)(h) "is to be liberally construed to provide relief from a judgment whenever appropriate to accomplish justice." *Miller v. Hanover Ins. Co.*, 2010 WI 75, ¶33, 326 Wis. 2d 640, 785 N.W.2d 493 (citation omitted).

¶18    The court's consideration includes, but is not limited to:

> whether the judgment was the result of the conscientious, deliberate and well-informed choice of the claimant; whether the claimant received the effective assistance of counsel; whether relief is sought from a judgment in which there has been no judicial consideration of the merits and the interest of deciding the particular case on the merits outweighs the finality of judgments; whether there is a meritorious defense to the claim; and whether there are intervening circumstances making it inequitable to grant relief.

***State ex rel. M.L.B. v. D.G.H.***, 122 Wis. 2d 536, 552-53, 363 N.W.2d 419 (1985). The court should also consider the child's best interests when determining whether to grant relief. *See **Johnson v. Johnson***, 157 Wis. 2d 490, 500, 460 N.W.2d 166 (Ct. App. 1990).[9]

¶19    This case involves unique procedural circumstances which impact Michelle's standing post-remand.  Michelle petitioned for the termination of Richard's parental rights.  At the hearing on the petition, the circuit court accepted that Michelle was only interested in voluntarily terminating her rights if Richard's rights were also terminated.  Ultimately Michelle voluntarily terminated her rights to facilitate Morgan's adoption after Richard's rights were terminated, but prior to Richard's appeal.  On appeal, this court, concluded that Richard had received ineffective assistance of counsel, so we reversed the circuit court's order terminating Richard's rights and remanded the cause so that Richard could have a new hearing with the benefit of effective assistance of counsel.  ***M.K.S.***, No. 2021AP1839, ¶42.

---

[9] Richard suggests that Morgan's best interests should not be considered when determining whether Michelle should have been granted relief under WIS. STAT. § 806.07(1)(h). He argues that the holding the circuit court relied on in ***Johnson v. Johnson***, 157 Wis. 2d 490, 500, 460 N.W.2d 166 (Ct. App. 1990)—that the best interests of the child should be considered and is relevant as an intervening factor—is not applicable here because ***Johnson*** involved a different factual situation.  We emphasize that the factors for relief set forth in ***State ex rel. M.L.B. v. D.G.H.***, 122 Wis. 2d 536, 552-53, 363 N.W.2d 419 (1985) are a non-exclusive list, and that the court's objective when determining whether to grant relief is to "achieve a balance between the competing values of finality and fairness in the resolution of a dispute." ***Sukala v. Heritage Mut. Ins. Co.***, 2005 WI 83, ¶¶11-12, 282 Wis. 2d 46, 698 N.W.2d 610 (citation omitted).  The best interests of the child cannot be disregarded when determining whether it is fair to grant relief from an order terminating a parent's rights and should be considered in some form as appropriate to the circumstances of the case because the child's interests will be impacted by the decision. *See* WIS. STAT. § 48.01(1)

¶20     As a result of the pre-appeal timing of Michelle's voluntary termination, Michelle's standing was in question post-remand. The circuit court analyzed the factors and found it "fair and just" to relieve Michelle from her termination of parental rights judgment so that the question of whether Richard failed to assume parental responsibility could be litigated on the merits as this court contemplated in the prior appeal. The circuit court also explained that Morgan was born in 2019 and the only parents she has ever known are her prospective adoptive parents. The circuit court concluded that it would be in Morgan's best interests to resolve whether there are grounds to terminate Richard's parental rights on the merits.

¶21     This is not a situation where the finality of the judgment weighs strongly in favor of denying relief. Rather, as the circuit court found, it would be unfair for Michelle's termination of parental rights judgment to prevent Michelle from continuing to pursue this case post-remand. The consequence of letting Michelle's voluntary termination stand would run completely contrary to her purpose and her knowledge at the time she voluntarily terminated her rights. Michelle believed adoption was in Morgan's best interests and, at the time, Richard had been found unfit and his parental rights were terminated. Had Richard's parental rights not been terminated, Michelle would not have voluntarily terminated her rights. It is clear that it would be in the interests of justice to allow this matter to be decided on the merits in this case instead of allowing Michelle's voluntary termination to preclude an ultimate decision on whether it is in Morgan's best interests for Richard's parental rights to be terminated.

¶22     Based on our review of the record, we conclude that the circuit court did not erroneously exercise its discretion by granting Michelle relief because its

decision contemplated a process of reasoning based on the facts in the record and the correct legal standard. *See Sukala*, 282 Wis. 2d 46, ¶8.[10]

¶23 Richard also argues that the circuit court committed a structural error because it showed subjective bias by only ignoring statutory law in favor of Michelle and by declining to consider Richard's reply brief on his motion for reconsideration. A structural error "is something that either affects the entire proceeding, or affects it in an unquantifiable way" that is "so intrinsically harmful as to require automatic reversal (i.e., 'affect substantial rights') without regard to [its] effect on the outcome." *State v. C.L.K.*, 2019 WI 14, ¶15, 385 Wis. 2d 418, 922 N.W.2d 807 (citation omitted).

¶24 First, Richard's argument is premised on a conclusion that WIS. STAT. § 48.46(2) prohibits the circuit court from granting relief on its own motion pursuant to WIS. STAT. § 806.07(1)(h). However, as previously discussed, § 48.46(2) does not restrict the circuit court's ability to grant relief on its own motion; thus, the court did not show bias when it granted Michelle relief by selectively refusing to apply the statutes as Richard contends.

¶25 Second, Richard fails to offer more than speculation for why the circuit court's refusal to consider his reply brief on his motion for reconsideration is evidence of subjective bias. As Richard concedes, under Milwaukee County Circuit Court Rule 3.11(C) "[n]o reply briefs shall be considered without the permission of the court" on non-dispositive motions. The fact that the circuit court

---

[10] Because we conclude that the circuit court did not err by granting Michelle relief from the termination of her parental rights, we need not decide whether Michelle would have maintained standing in spite of the court's order. *See Blalock*, 150 Wis. 2d at 703 ("[C]ases should be decided on the narrowest possible ground[.]").

refused to consider the reply that Richard filed without seeking or receiving prior permission from the circuit court is not by itself evidence of bias.

¶26 Richard points to the fact that this case had already generated an "extensive amount of briefs" as a reason for why refusing to consider his reply is evidence of bias. However, Richard fails to explain why this particular motion needed more briefing to the degree that the court committed a structural error by refusing to consider his reply brief. The court was well within its discretion to keep the briefing on Richard's motion for reconsideration limited and it notably did so for all parties by lowering the page limit for responses to the motion from the ten pages allowed under the local rules to four pages, as well as not allowing for a reply. Therefore, we are satisfied that the circuit court did not commit a structural error by engaging in subjective bias.

## CONCLUSION

¶27 We conclude that WIS. STAT. § 48.46 does not bar the circuit court from granting relief on its own motion pursuant to WIS. STAT. § 806.07(1)(h), and that the circuit court did not erroneously exercise its discretion when it granted Michelle such relief. Furthermore, we conclude that the circuit court did not commit structural error. Accordingly, we affirm the order of the circuit court.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.